**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARDNER DENVER, INC. | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO.  16-cv-00159 |
| ARCH INSURANCE COMPANY, | : |
| CONTINENTAL CASUALTY COMPANY AND | : |
| FEDERAL INSURANCE COMPANY | : |
| | : |
| Defendants. | : |

**FEDERAL INSURANCE COMPANY'S ANSWER TO GARDNER DENVER, INC.'S
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Federal Insurance Company ("Federal"), by its undersigned counsel, for its

Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Demand for Jury

Trial (hereinafter "FAC"), states as follows:

**PRELIMINARY STATEMENT**

GDI's Preliminary Statement does not include any answerable allegations and therefore,

no response is required.  To the extent a response is required, Federal denies GDI's Preliminary

Statement in its entirety.  Federal further denies any statements contained in headings throughout

the FAC.

**PARTIES**

1. Federal admits that GDI is incorporated under the laws of the state of Delaware,

and its current principal place of business is in Milwaukee, Wisconsin.  Federal further admits that

GDI's principal place of business was in Wayne, Pennsylvania when GDI purchased the Federal

policies.  Federal is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 1 of the FAC and, therefore, denies the allegations.

2.      The allegations in paragraph 2 are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

3.      The allegations in paragraph 3 are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

4.      Federal admits that it is incorporated in Indiana, and its principal place of business is in New Jersey.  Federal further admits that it is licensed to operate in Pennsylvania and sells and delivers insurance policies in Pennsylvania, and Federal was licensed to, and did, conduct such business in Pennsylvania at all times relevant to the FAC.

## JURISDICTION AND VENUE

5.      Federal admits the allegations contained in paragraph 5 of the FAC.

6.      To the extent the allegations in paragraph 6 are directed to Federal, Federal admits the allegations contained in paragraph 6 of the FAC.  To the extent the allegations in paragraph 6 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

7.      To the extent the allegations in paragraph 7 are directed to Federal, Federal admits the allegations contained in paragraph 7 of the FAC.  To the extent the allegations in paragraph 7 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

8.      To the extent the allegations in paragraph 8 are directed to Federal, Federal admits the allegations contained in paragraph 8 of the FAC.  To the extent the allegations in paragraph 8 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

9.      To the extent the allegations in paragraph 9 are directed to Federal, Federal admits the allegations contained in paragraph 9 of the FAC.  To the extent the allegations in paragraph 9 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

## **BACKGROUND**

10.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the FAC and, therefore, denies those allegations.

11.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the FAC and, therefore, denies those allegations.

12.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the FAC and, therefore, denies those allegations.

13.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the FAC and, therefore, denies those allegations.

14.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC and, therefore, denies those allegations.

15.     Federal admits that it sold policies of insurance to GDI for certain policy periods prior to the Underlying Litigation.  Federal denies the remaining allegations contained in paragraph 15 of the FAC directed to Federal.  To the extent the allegations in paragraph 15 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

16.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the FAC and, therefore, denies those allegations.

17.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the FAC and, therefore, denies those allegations.

18.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the FAC and, therefore, denies those allegations.

19.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the FAC and, therefore, denies those allegations.

20.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the FAC and, therefore, denies those allegations.

21.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the FAC and, therefore, denies those allegations.

22.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the FAC and, therefore, denies those allegations.

23.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the FAC and, therefore, denies those allegations.

24.     Federal admits that three putative shareholder class actions were filed and ultimately consolidated in the Delaware Court of Chancery under the caption *In re Gardner Denver, Inc. Shareholder Litigation*, No. 8505-VCN.  Federal denies the remaining allegations in paragraph 24 of the FAC.

25.     Federal admits that an individual shareholder action was filed in the Court of Common Pleas of Chester County, Pennsylvania and that action was stayed pending the outcome of the consolidated action in Delaware.

26.     Federal admits the allegations contained in paragraph 26 of the FAC.

27.     Federal admits the allegations contained in paragraph 27 of the FAC.

28.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the FAC and, therefore, denies those allegations.

29.     Federal admits the allegations contained in paragraph 29 of the FAC.

30.     The allegations in paragraph 30 of the FAC are based on a written document, which speaks for itself.  Federal denies any assertions or conclusions inconsistent with the written document. Answering further, the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

31.     The allegations in paragraph 31 of the FAC are based on a written document, which speaks for itself.  Federal denies any assertions or conclusions inconsistent with the written document. Answering further, the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

32.     Federal admits the allegations contained in paragraph 32 of the FAC.

33.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the FAC and, therefore, denies those allegations.

34.     Federal admits that the Defendants were present in person and by telephone at the mediation but denies the remaining allegations in paragraph 34 of the FAC.

35.     Federal admits that several weeks after settlement was reached and after extensive negotiations with GDI's counsel, Federal agreed not to raise reasonableness of settlement as a coverage defenses solely with respect to the $29 million settlement amount. Upon information and belief, Federal admits that Arch and CNA similarly agreed not to raise reasonableness of the settlement amount as a coverage defense.

36.     Federal admits that GDI sought coverage under Federal Policy No. 8147-7908. Federal denies the remaining allegations in paragraph 36. To the extent the allegations in paragraph 36 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

37.     Federal admits that it denied GDI's claim for coverage because the plain language of the definition of Loss in the policy does not include "any amount representing, or substantially equivalent to, an increase in consideration paid or proposed to be paid in connection with any purchase of securities or assets of a Corporation…."  Federal denies the remaining allegations in paragraph 37 of the FAC.  To the extent the allegations in paragraph 37 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

38.     Federal admits that its coverage position is that if the claim is not excluded, most of the loss must be allocated to KKR, which is not an insured. Federal denies the remaining allegations in paragraph 38 of the FAC.  To the extent the allegations in paragraph 38 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

39.     Federal admits that it denied coverage based on the unambiguous terms of the Federal policy.  Federal denies the remaining allegations in paragraph 39 of the FAC.  To the extent the allegations in paragraph 39 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

40.     Federal admits that it has not paid any amount towards the settlement of the underlying litigation based on Federal's declination of coverage.  Federal denies the remaining

allegations in paragraph 40 of the FAC.  To the extent the allegations in paragraph 40 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

41.     Federal denies the allegations in paragraph 41 of the FAC. Answering further, Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 41 which are inconsistent with the express terms and provisions of the policy.  To the extent the allegations in paragraph 41 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

42.     Federal admits that it denied coverage based on the "bump-up" exclusion.  Federal denies the remaining allegations and legal conclusions in paragraph 42 of the FAC.  To the extent the allegations in paragraph 42 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

43.     Federal admits the underlying litigation commenced in 2013.

44.     Federal admits that it issued "claims-made" policies to GDI, which respond to "claims" filed during the applicable policy period.  Answering further, Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 44 of the FAC which are inconsistent with the express terms and provisions of the policy.  To the extent the allegations in paragraph 44 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

45.     Federal admits that GDI seeks coverage under the policy which Federal sold to GDI for the period of September 30, 2012 to September 30, 2013.  To the extent the allegations in paragraph 45 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

46.     Federal admits that GDI seeks coverage under Federal policy number 8147-7908, which provided $10,000,000 in second-level excess coverage ("Federal Policy").  Federal further admits that the Federal Policy incorporates the relevant terms of Arch Policy DOP0040675-02. To the extent the allegations in paragraph 46 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

47.     Federal admits the allegations in paragraph 47 of the FAC directed to Federal.  To the extent the allegations in paragraph 47 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

48.     Federal admits that the period from September 30, 2012 to September 30, 2013 was not the first time Federal sold a D&O policy to GDI.  To the extent the allegations in paragraph 48 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

49.     Federal admits that it issued certain policies to GDI between 2004 and 2010. To the extent the allegations in paragraph 49 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

50.     Federal denies the allegations in paragraph 50 of the FAC. Answering further, Federal states that Federal policy number 8147-7908, which it issued to GDI, and any other policies Federal issued to GDI, are documents that speak for themselves and Federal denies the allegations and conclusions in paragraph 50 which are inconsistent with the express terms and provisions of the policies. To the extent the allegations in paragraph 50 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

51.     Rather than setting forth allegations against any of the Defendants, the statements in paragraph 51 of the FAC constitute general conclusions of fact and law to which no response is required. The statements are vague and ambiguous, and relate to the insurance industry as a whole and insurance companies that are not parties to this action. To the extent a response is required, Federal denies the allegations in paragraph 51 of the FAC.

52.     Rather than setting forth allegations against any of the Defendants, the statements in paragraph 52 of the FAC constitute general conclusions of fact and law to which no response is required. The statements are vague and ambiguous, and relate to the insurance industry as a whole and insurance companies that are not parties to this action. To the extent a response is required, Federal denies the allegations in paragraph 52 of the FAC.

53.     Rather than setting forth allegations against any of the Defendants, the statements in paragraph 53 of the FAC constitute general conclusions of fact and law to which no response is required. The statements are vague and ambiguous, and relate to the insurance industry as a whole and insurance companies that are not parties to this action. To the extent a response is required, Federal denies the allegations in paragraph 53 of the FAC.

54. Federal denies that the allegations contained in paragraph 54 of the FAC. Specifically, Federal denies that the allegations contained in paragraph 54 constitute an accurate quote. Federal also denies that Chubb Group of Insurance Companies was Federal's parent company or that any individual served as Senior VP and Global D&O Project Manager of Chubb Group of Insurance Companies, which was merely a trade name. Federal further denies any characterizations or legal conclusions which GDI draws from the statement set forth above or the statement as actually made.

55. The allegations in paragraph 55 of the FAC are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

56. Federal admits the allegations in paragraph 56 of the FAC.

57. The allegations in paragraph 57 of the FAC are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

58. Federal admits that for the policies years in which it issued coverage to GDI, it followed form to the primary coverage.

59. Federal states that it is unclear what policies are being referred to in paragraph 59 of the FAC and that any polices are documents that speak for themselves, and denies any allegations and conclusions inconsistent with the express terms and provisions of the policies. Federal further states that the allegations in paragraph 59 constitute conclusions of fact and law to which no response is required. To the extent a response is required, Federal denies the allegations in paragraph 59 of the FAC.

60.     Federal states that the 2009-2010 Travelers Policy is a document that speaks for itself and denies the allegations in paragraph 60 which are inconsistent with the express terms and provisions of the policy.

61.     Federal states that the 2009-2010 Travelers Policy is a document that speaks for itself and denies the allegations in paragraph 61 of the FAC which are inconsistent with the express terms and provisions of the policy.

62.     Federal states that the 2009-2010 Travelers Policy is a document that speaks for itself and denies the allegations and legal conclusions in paragraph 62 of the FAC which are inconsistent with the express terms and provisions of the policy.

63.     Federal states that it is unclear what policies are being referred to in paragraph 63 of the FAC and that any polices are documents that speak for themselves, and denies any allegations and conclusions inconsistent with the express terms and provisions of the policies. Federal further states that the allegations in paragraph 63 constitute conclusions of fact and law to which no response is required. To the extent a response is required, Federal denies the allegations in paragraph 63 of the FAC.

64.     The allegations in paragraph 64 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

65.     Federal is without knowledge or information sufficient to form a belief as to the whether it is in possession of all of the policies to which GDI may be making vague and unclear reference in paragraph 65 of the FAC and therefore, said allegations are denied. To the extent that the allegations in paragraph 65 are directed to another party, Federal is without knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

66.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the FAC and therefore, said allegations are denied.

67.     Federal admits that GDI worked with both Marsh and Lockton.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the FAC and therefore, said allegations are denied.

68.      Federal denies the allegations in paragraph 68 of the FAC. To the extent the allegations in paragraph 68 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

69.      The allegations in paragraph 69 of the FAC are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

70.      Federal denies the allegations in paragraph 70 of the FAC. To the extent the allegations in paragraph 70 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

71.     Federal denies the allegations in paragraph 71 of the FAC.

72.     Federal denies the allegations in paragraph 72 of the FAC.

73.     Federal denies the allegations in paragraph 73 of the FAC.

74.     The allegations in paragraph 74 of the FAC are directed to another party.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

75.     Federal admits that it issued a policy for excess insurance to GDI for the September 2012 to September 2013 policy period and received premiums from GDI.  Federal denies all of the remaining allegations in paragraph 75 of the FAC.

76.     The allegations in paragraph 76 of the FAC are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

77.      Federal denies the allegations in paragraph 77 of the FAC. To the extent the allegations in paragraph 77 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

78.      Federal denies the allegations in paragraph 78 of the FAC. To the extent the allegations in paragraph 78 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

79.      Federal denies the allegations in paragraph 79 of the FAC. To the extent the allegations in paragraph 79 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

80.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore, said allegations are denied.

81.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore, said allegations are denied.

82.     The allegations in paragraph 82 of the FAC are directed to another party. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

83.     Federal admits that it conducted an underwriting process for the Federal policy issued to GDI for the period September 30, 2012 to September 30, 2013. Federal denies the remaining allegations of paragraph 83 of the FAC directed to Federal. To the extent the allegations in paragraph 83 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

84.     Federal denies the allegations in paragraph 84 of the FAC. To the extent the allegations in paragraph 84 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

85.     Federal denies the allegations in paragraph 85 of the FAC. To the extent the allegations in paragraph 85 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

86.     Federal denies the allegations in paragraph 86 of the FAC. To the extent the allegations in paragraph 86 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

15

87.     Federal denies the allegations in paragraph 87 of the FAC.  To the extent the allegations in paragraph 87 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

88.     The allegations in paragraph 88 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

89.     The allegations in paragraph 89 of the FAC are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

90.     Federal denies the allegations in paragraph 90 of the FAC.

91.     Federal denies the allegations in paragraph 91 of the FAC.

92.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore, said allegations are denied.

93.     Federal denies the allegations in paragraph 93 of the FAC.

94.     Federal denies that it requested the alleged expansion. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and therefore, said allegations are denied.

95.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore, said allegations are denied.

96.     Federal denies the allegations of paragraph 96 of the FAC.

97.     Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 97 of the FAC which are

inconsistent with the express terms and provisions of the policy. Federal denies the remaining allegations in paragraph 97.

98.     Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 98 of the FAC which are inconsistent with the express terms and provisions of the policy. Federal denies the remaining allegations in paragraph 98.

99.     Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 99 of the FAC which are inconsistent with the express terms and provisions of the policy. Federal denies the remaining allegations in paragraph 99.

100.     Federal states that the Arch primary policy form is a document that speaks for itself and denies the allegations in paragraph 100 of the FAC which are inconsistent with the express terms and provisions of the policy. Federal denies the remaining allegations in paragraph 100.

101.     Federal denies the allegations and legal conclusions in paragraph 101 of the FAC. By way of further answer, Federal states that the Arch Essential Enhancement Endorsement is a document that speaks for itself and denies the allegations in paragraph 101 which are inconsistent with the express terms and provisions of the endorsement.

102.     Federal denies the allegations and legal conclusions contained in paragraph 102 of the FAC. Answering further, Federal states that the Arch policy is a document that speaks for itself and denies the allegations in paragraph 102 which are inconsistent with the express terms and provisions of the policy.

103.     Federal denies the allegations and legal conclusions contained in paragraph 103 of the FAC. Answering further, Federal states that the Arch policy is a document that speaks for itself

and denies the allegations in paragraph 103 which are inconsistent with the express terms and provisions of the policy.

104.     To the extent the allegations in paragraph 104 of the FAC are directed to Federal, Federal is without knowledge or information sufficient to form a belief as to the whether it is in possession of all of the policies to which GDI may be making reference and therefore, said allegations are denied.

105.     Federal denies the allegations in paragraph 105 of the FAC.

106.     The allegations in paragraph 106 of the FAC, and subparagraphs (a) and (b), are directed to another party.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

107.     Federal admits that the premium increased for the September 2012 – September 2013 policy period.  Federal denies any characterizations or legal conclusions which GDI draws from the increase in premium.  Federal denies the remaining allegations in paragraph 107 of the FAC. To the extent the allegations in paragraph 107 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

108.     Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 108 of the FAC which are inconsistent with the express terms and provisions of the policy.  Federal, therefore, denies the allegations in paragraph 108. To the extent the allegations in paragraph 108 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

109.      Federal states that Arch policy number DOP 0040675-02 is a document that speaks for itself and denies the allegations in paragraph 109 of the FAC which are inconsistent with the express terms and provisions of the policy.  Federal denies any legal conclusions inconsistent with the terms and provisions of that policy.

110.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

111.      Federal admits the allegations in paragraph 111.

112.      Federal admits the allegations in paragraph 112 of the FAC. To the extent the allegations in paragraph 112 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

113.      Federal denies the allegations in paragraph 113 of the FAC.

114.      Federal denies the allegations in paragraph 114 of the FAC. Answering further, the policies of insurance are written documents that speaks for themselves, therefore, any characterizations of said documents are deemed denied.

115.      Certain allegations in paragraph 115 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Federal denies the remaining allegations and legal conclusions set forth in paragraph 115 of the FAC.

116.      Certain allegations in paragraph 116 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Federal denies the remaining allegations and legal conclusions set forth in paragraph 116 of the FAC.

117.     Certain allegations in paragraph 117 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. By way of further response, the allegations in paragraph 117 contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied. Federal denies the remaining allegations and legal conclusions set forth in paragraph 117 of the FAC.

118.     Certain allegations in paragraph 118 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Federal denies the remaining allegations and legal conclusions set forth in paragraph 118 of the FAC.

119.     Certain allegations in paragraph 119 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Answering further, the allegations in paragraph 119 contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied. Federal denies the remaining allegations and legal conclusions set forth in paragraph 119 of the FAC.

120.     Certain allegations in paragraph 120 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Answering further, the allegations in paragraph 120 contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore, said allegations are denied. Federal denies the remaining allegations and legal conclusions set forth in paragraph 120 of the FAC.

121.    Certain allegations in paragraph 121 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Answering further, the allegations in paragraph 121 contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied. Federal denies the remaining allegations and legal conclusions set forth in paragraph 121 of the FAC.

122.    Certain allegations in paragraph 122 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Federal denies the remaining allegations and legal conclusions set forth in paragraph 122 of the FAC.

123.    It appears that certain allegations in paragraph 123 of the FAC are based on a written document, which speaks for itself.  Federal denies any allegations, statements or conclusions inconsistent with the terms of the written document. Answering further, the allegations in paragraph 123 contain conclusions of law to which no response is required. To the extent a response is required, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied. Federal denies the remaining allegations and legal conclusions set forth in paragraph 123 of the FAC.

124.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

125.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

126.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

127.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

128.     Federal denies the allegations in paragraph 128 of the FAC. To the extent the allegations in paragraph 128 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

129.     Federal denies the allegations in paragraph 129 of the FAC. To the extent the allegations in paragraph 129 are directed to another party, Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

## COUNT I:  DECLARATORY JUDGMENT

130.     The parties have stipulated that Count I is dismissed with prejudice.  (Doc. No. 29).

131.     The parties have stipulated that Count I is dismissed with prejudice.  (Doc. No. 29).

132.     The parties have stipulated that Count I is dismissed with prejudice.  (Doc. No. 29).

133.     The parties have stipulated that Count I is dismissed with prejudice.  (Doc. No. 29).

## COUNT II:  BREACH OF CONTRACT

134.     Federal repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

135.     Federal admits the allegations in paragraph 135 to the extent that they are directed to Federal.

136.     Federal denies the allegations in paragraph 136 of the FAC.

137.     Federal denies the allegations in paragraph 137 of the FAC.  By way of further answer, Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and specifically denies the allegations in paragraph 137 which are inconsistent with the express terms and provisions of the policy.

138.     Federal denies the allegations in paragraph 138 of the FAC.

139.     Federal denies the allegations in paragraph 139 of the FAC.

## COUNT III:  REFORMATION

**Based on Mutual Mistake**

140.     Federal repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

141.     Federal denies the allegations in paragraph 141 of the FAC.

142.     Federal denies the allegations in paragraph 142 of the FAC.

143.     Federal denies the allegations in paragraph 143 of the FAC.

144.     Federal denies the allegations in paragraph 144 of the FAC.

145.     Federal denies the allegations in paragraph 145 of the FAC.

146.     Federal states that Federal policy number 8147-7908, which it issued to GDI, is a document that speaks for itself and denies the allegations in paragraph 146 of the FAC which are inconsistent with the express terms and provisions of the policy and/or the Arch policy.

147.     Federal denies the allegations in paragraph 147 of the FAC.

148.     Federal denies the allegations in paragraph 148 of the FAC.

149.     Federal denies the allegations in paragraph 149 of the FAC.

150.     Federal denies the allegations in paragraph 150 of the FAC.

151.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

152.     Federal admits that GDI's premiums and level of self-insurance increased in September 2012.  Federal denies any characterizations or legal conclusions which GDI draws from the increase in premiums or level of self-insurance.

153.     Federal denies the allegations in paragraph 153 of the FAC.

154.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the FAC and therefore, said allegations are denied.

155.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the FAC and therefore, said allegations are denied.

156.     Federal denies the allegations in paragraph 156 of the FAC.

**Based on Unilateral Mistake**

157.     Federal repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

158.     Federal denies the allegations in paragraph 158 of the FAC.

159.     Federal denies the allegations in paragraph 159 of the FAC.

160.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

161.     Federal denies the allegations in paragraph 161 of the FAC.

162.     Federal denies the allegations in paragraph 162 of the FAC.

163.     Federal denies the allegations in paragraph 163 of the FAC.

164.     Federal admits that GDI's premiums and level of self-insurance increased in September 2012.  Federal denies any characterizations or legal conclusions which GDI draws from the increase in premiums or level of self-insurance.

165.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, said allegations are denied.

166.     Federal denies the allegations in paragraph 166 of the FAC.

167.     Federal denies the allegations in paragraph 167 of the FAC.

168.     Federal denies the allegations in paragraph 168 of the FAC.

### COUNT IV:  FRAUD IN THE EXECUTION

169.     Federal repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

170.     Federal denies the allegations in paragraph 170 of the FAC.

171.     Federal denies the allegations in paragraph 171 of the FAC.

172.     Federal denies the allegations in paragraph 172 of the FAC.

173.     Federal denies the allegations in paragraph 173 of the FAC.

174.     Federal denies the allegations in paragraph 174 of the FAC.

175.     Federal denies the allegations in paragraph 175 of the FAC.

176.     Federal denies the allegations in paragraph 176 of the FAC.

177.     Federal denies the allegations in paragraph 177 of the FAC.

178.     Federal denies the allegations in paragraph 178 of the FAC.

179.     Federal denies the allegations in paragraph 179 of the FAC.

180.    Federal admits it drafted Federal policy no. 8147-7908 and that GDI could not have seen the actual policy until after it was bound.   Federal denies the remaining allegations in paragraph 180 of the FAC.

181.    Federal denies the allegations in paragraph 181 of the FAC.

182.    Federal denies the allegations in paragraph 182 of the FAC.

## PRAYER FOR RELIEF

WHEREFORE, Federal denies that GDI is entitled to the relief sought in the First Amended Complaint.   Federal requests that this Court deny the relief sought by GDI, find the Federal policy does not provide coverage to GDI for the amounts incurred in the underlying action, dismiss the First Amended Complaint against Federal with prejudice, and award Federal its fees and costs and any and all other proper relief to which it may be entitled.

## AFFIRMATIVE DEFENSES

Defendant, Federal Insurance Company ("Federal"), hereby sets forth the following to apprise Plaintiff of certain potentially applicable defenses.   Federal reserves the right to reevaluate, restate, delete, amend and/or supplement this answer and these defenses and to assert additional defenses. By listing any matter as an affirmative defense, Federal does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. For its affirmative defenses to the claims asserted against Federal in the First Amended Complaint, Federal alleges as follows:

## First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the First Amended Complaint fails to state a claim upon which relief can be granted against Federal and/or to the extent the First Amended Complaint fails to set forth facts that give rise to a claim against Federal.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver or laches.

### Third Affirmative Defense

Coverage under the Federal policy is barred, in whole or in part, to the extent that the Insured, as defined by the Federal policy, may have failed to perform fully all of the obligations under the policy or to comply fully with the terms, obligations and conditions of the policy.

### Fourth Affirmative Defense

Coverage under the Federal policy and the underlying policies is barred, in whole or in part, to the extent that there is no Claim made against any Insureds for a Wrongful Act during the applicable Policy Period.

### Fifth Affirmative Defense

Coverage under the Federal Policy and the underlying policies is barred, in whole or in part, to the extent that some or all of the amounts incurred by the Insured do not constitute Defense Costs as defined by the policies.

### Sixth Affirmative Defense

Coverage under the Federal policy is barred, in whole or in part, to the extent that some or all of the amounts incurred by Insured do not constitute Loss as defined by the Federal policy or the primary Directors, Officers and Corporation Liability Insurance Policy issued by Arch to Plaintiff, policy number DOP0040675-02.

### Seventh Affirmative Defense

To the extent that the Underlying Litigation involved both Loss covered by the Federal policy and loss not covered by the Federal policy, and there is a determination that the Federal

policy is implicated by the Underlying Litigation, Federal is entitled to an allocation of all Loss including Defense Costs pursuant to the Federal policy.

### Eighth Affirmative Defense

At all times Federal investigated, considered, analyzed and handled the claim submitted by Plaintiff reasonably, in compliance with the terms of the Federal policy and applicable law, and in good faith.

### Ninth Affirmative Defense

To the extent Plaintiff seeks recovery of exemplary or punitive damages, such recovery is barred because exemplary or punitive damages are not recoverable or warranted in this action.

### Tenth Affirmative Defense

Plaintiff's claims are or may be barred to the extent Plaintiff failed to meet its burden of proof as to the existence and conditions of the Federal policy and exhaustion of any underlying policies.

### Eleventh Affirmative Defense

To the extent that Plaintiff relied upon any representations about the coverage to be provided by the Federal policy, such representations were not made by Federal.

### Twelfth Affirmative Defense

Federal incorporates the defenses of the underlying insurers and any other insurers that may be applicable to Federal.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Defendant

Federal Insurance Company prays that this Court enter judgment in its favor and against GDI.


Dated this 13th day of January, 2017.

Respectfully submitted

By:     */s/Janet R. Davis*
            Kristie M. Abel
            Cozen O'Connor
            One Liberty Place
            1650 Market Street
            Philadelphia, PA  19103
            Tel: 215-665-2715
            kabel@cozen.com

            Janet R. Davis (pro hac vice)
            Cozen O'Connor
            123 North Wacker Drive, Suite 1800
            Chicago, IL  60606
            Tel: 312-474-7947
            jrdavis@cozen.com

            *Attorneys for Defendant,*
            *Federal Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARDNER DENVER, INC. | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO.  16-cv-00159 |
| ARCH INSURANCE COMPANY, | : |
| CONTINENTAL CASUALTY COMPANY AND | : |
| FEDERAL INSURANCE COMPANY | : |
| | : |
| Defendants. | : |

<u>**CERTIFICATE OF SERVICE**</u>

I, Kristie M. Abel, attorney for Defendant Federal Insurance Company, hereby certify that

on this 13th day of January 2017, I served a true and correct copy of *Federal Insurance Company's*

*Answer to Gardner Denver, Inc.'s First Amended Complaint and Demand for Jury Trial* on all

parties and/or their counsel via the Court's ECF electronic filing system.

By:  /s/ Kristie M. Abel
    Kristie M. Abel
    Cozen O'Connor
    One Liberty Place
    1650 Market Street
    Philadelphia, PA  19103
    Tel: 215-665-2715
    kabel@cozen.com

    Janet R. Davis (pro hac vice)
    Cozen O'Connor
    123 North Wacker Drive, Suite 1800
    Chicago, IL  60606
    Tel: 312-474-7947
    jrdavis@cozen.com

    *Attorneys for Defendant,*
    *Federal Insurance Company*