# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARDNER DENVER, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; AND FEDERAL INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 16-CV-00159-JHS |

*JHS*

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

This matter has come before the Court upon the stipulation of the Parties.[1] The Parties anticipate discovery and use of certain documents and other information by the Parties and third parties that will be the proper subject of a protective order under Federal Rule of Civil Procedure ("FRCP") 26(c). Each of the Parties thus seeks such protection for such documents and information ("Confidential Material").

The Parties anticipate that Confidential Material will include documents and information that is not available to the public and that is confidential and proprietary; this material likely will include, among other things, confidential financial information of the Parties; confidential information regarding the Parties' practices and methodology in operating their respective businesses; confidential information regarding customers and employees of the Parties both in general and as it relates to this matter; and confidential information regarding the Defendants' underwriting of and decision to issue, and GDI's evaluation of and decision to purchase, various

---

[1] The parties are Gardner Denver, Inc. ("GDI"); Arch Insurance Company ("Arch"); Continental Casualty Company ("CNA"); and Federal Insurance Company ("Federal") (collectively, the "Parties").

directors and officers ("D&O") insurance policies, providing tens of millions of dollars in coverage. The Parties believe that the disclosure of this information could be of substantial value to competitors, and could place them at a competitive disadvantage.

The Court finds that good cause exists to keep the Confidential Material herein confidential in order to preserve protection for the confidential financial, insurance, employee, and other information of the Parties, and for other good cause shown, within the meaning of *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court thus enters this Stipulated Protective Order ("Order"). This Order governs both disclosures by the Parties to this action and disclosures by third parties that the Parties believe deserve protection under this Order. The entry of this Order does not prejudice the rights of any Party to object to any discovery requests on other grounds, and does not prejudice the rights of any third party respondent who may (at its election) avail itself of the protections and procedures provided by this Order or move for any other form of protection which it deems fit. As stated further below, the court reserves its inherent power to modify the terms of this agreement and permit the disclosure of Confidential Material where the interest of justice so requires.

**IT IS HEREBY ORDERED:**

1.     This Order provides for the protection of Confidential Material, including (a) documents produced in response to requests for the production of documents or subpoenas, or documents otherwise produced by a third party; (b) responses to requests for admissions; (c) responses to interrogatories; (d) transcripts of depositions and trial testimony, including exhibits thereto; (e) excerpts or summaries of any of (a)–(d) above and all copies thereof; (f) briefs and other filings that attach, describe, or otherwise reference Confidential Material; and

(g) documents produced in accordance with orders of the Court or agreements among the Parties that are properly identified as confidential pursuant to Paragraph 3 of this Order.

2.  Confidential Material produced or provided by any Party or non-party in the course of this proceeding shall be used or disclosed only in accordance with the provisions of this Order.

3.  Designation of information or documents as Confidential Material shall constitute a certification by the Designating Party that the Party has a reasonable, good-faith belief that the Confidential Material is entitled to confidential treatment under FRCP Rule 26(c); provided, however, that nothing in this paragraph shall constitute a finding or admission that any discovery materials are or are not entitled to confidential treatment under FRCP 26(c). The Parties may designate information as Confidential Material as follows:

   a.  Documents produced by a Party or by a third party that any Party—whether or not the producing party (the "Designating Party")—believes to be or contain Confidential Material shall be so designated by being stamped or marked CONFIDENTIAL (hereinafter referred to as the "CONFIDENTIAL Designation").

   b.  Portions of deposition transcripts or deposition exhibits containing Confidential Material may be designated as CONFIDENTIAL either on the record at the deposition or within ten (10) days following receipt of the official transcripts of the deposition, by providing written notice to the reporter and all counsel of record of the specific pages and lines and/or exhibits that contain Confidential Material, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript, and/or exhibits in their possession (or under their control) as CONFIDENTIAL.

  c. If all or part of a videotaped deposition is designated as CONFIDENTIAL, both the transcript and the video cassette or other videotape container shall be labeled as CONFIDENTIAL within the same time periods as set forth above.

 4. Except upon the prior written consent of the Designating Party, Parties or third parties to whom Confidential Material is disclosed shall not disclose Confidential Material except as expressly authorized in this Order, including without limitation as authorized in Paragraph 5 below.

 5. Except with the prior written consent of the Designating Party, Confidential Material may not be disclosed to any person other than the following (who, except for those persons listed in subparts (a), (e), and (i), shall agree to and be subject to the terms of this Order through their signature on the Acknowledgement of Protective Order, attached as Addendum A):

  a. The Parties, their officers, employees with responsibilities related to this action, counsel, and their counsel's legal associates, paralegals, office staff, and vendors;

  b. Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter;

  c. Deponents and witnesses, but only during or in discussion of possible examination of such persons, and in connection with preparation therefor;

  d. The Defendants' reinsurers for the policies at issue, in those reinsurers capacity as such;

  e. The Defendants' regulators and auditors;

  f. Any court reporter or other person authorized or retained to administer oaths and record or transcribe testimony in this action;

  g. Persons who are shown on the face of the Confidential Material to have been the author, addressee, or recipient of that material;

  h. Any other person ordered by the Court or agreed to in writing by the Parties; and

  i. The Court and any persons employed by or with the Court whose functions require access to said Confidential Material.

  6. Any Party may request permission to disclose Confidential Material to a person other than those permitted by Paragraph 5 by serving a written request upon counsel for the Designating Party, setting forth the information or materials the Party wishes to disclose, the person to whom the Party wishes to disclose the information or materials, and the reason for the proposed disclosure. If consent is withheld, or the Designating Party does not respond to the request within five (5) days of receiving notice of same, the Party seeking to make disclosure may submit the matter to the Court for resolution. The designated materials shall not be disclosed until the Court resolves the matter.

  7. A Party objecting to a CONFIDENTIAL Designation shall attempt to resolve the disagreement informally with the Designating Party by notifying the Designating Party of its position within fourteen (14) days of the designation. Within seven (7) days of such objection, the Designating Party shall either withdraw its claim of confidentiality or meet and confer (by phone or in person) with the Party who made the objection to the CONFIDENTIAL Designation. If no resolution can be reached within five (5) days of the meet and confer between the Parties, the objecting Party may apply to the Court, within another five (5) days, for a ruling on the confidentiality of the designated material. The Party asserting the CONFIDENTIAL Designation shall have the burden of justifying that designation under FRCP 26(c). Until the

Court rules otherwise, the challenged Confidential Material shall be treated as Confidential Material in accordance with its designation.

       8.     The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or other protection from disclosure, including but not limited to the attorney-client privilege or the attorney work-product doctrine, and no Party shall be held to have waived any rights by such inadvertent production. Upon written notice of an unintentional production by the producing Party, or oral notice if notice must be delivered at a deposition, the receiving Party may not use or disclose the information until the privilege claim has been resolved. If the receiving Party wants to challenge the claim of protection, it must confer in good faith with the producing Party as follows. The receiving Party shall give written notice to the producing Party, within five (5) days of receipt of the producing Party's notice of unintentional production, identifying the reasons for the challenge. No later than five (5) days after the producing Party receives the notice of challenge, the producing Party shall respond in writing and provide a good-faith explanation of the basis for the designation. If the Parties cannot resolve the dispute within five (5) days after the producing Party serves the response to the challenge, the receiving Party may move the Court for an appropriate order. The Parties shall sequester (or refrain from using) the disputed material until they resolve the dispute or the Court resolves the dispute. To the extent that the information contained in a document subject to a claim of privilege or evidentiary protection has already been used or described in other documents generated or maintained by the receiving Party, the receiving Party shall sequester such documents until the privilege/protection claim has been resolved. If the receiving Party has disclosed the specified information before being notified of its inadvertent production, it must

6

take reasonable steps to retrieve the information until the claim of privilege or other protection is resolved.

9. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. Any Party who files briefs, other pleadings, affidavits, certifications, and other documents attaching, constituting, containing, referring to, summarizing, or quoting Confidential Material, designated as such by any other Party, shall file the documents either in redacted form or entirely under seal (with an unredacted copy provided to chambers) in compliance with Local Rule of Civil Procedure 5.1.5 and Provision F of the Documents Section of the United States District Court for the Eastern District of Pennsylvania Clerk's Office Procedural Handbook ("Clerk's Handbook"). Accordingly, among other things, if any document attaching, constituting, containing, referring to, summarizing, or quoting Confidential Material is to be filed or otherwise placed in the public record in this action, the Confidential Material shall be filed in paper format in a sealed envelope or container marked with the case caption and a notice substantially as follows:

NOTICE - FILED UNDER SEAL

> This envelope or container holds information designated as Confidential by [name of Designating Party] filed under seal pursuant to a protective order. This envelope or container may not be opened, and the contents hereof may not be displayed or revealed, except by direction of the Court or by written consent of [name of Designating Party].

10. Any Party who files briefs, other pleadings, affidavits, certifications, and other publicly filed documents attaching, constituting, containing, referring to, summarizing, or quoting documents or information that the filing Party itself has designated as Confidential Material, may file the Confidential Material either in redacted form or entirely under seal (with an unredacted copy provided to chambers) in compliance with Local Civil Rule 5.1.5 and the

Clerk's Handbook. If a Party chooses to file such Confidential Material in the public record, then that Party waives the CONFIDENTIAL Designation and corresponding confidential treatment of such documents and information. A Party who files documents containing Confidential Material designated as such by any other Party must follow the protocol described in Paragraph 9.

11. With respect to testimony elicited during hearings, trial, and other live court proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of Confidential Material, counsel may request on the record, before such disclosure, that the disclosure be subject to the following confidentiality restrictions. Specifically, whenever Confidential Material is to be discussed in a hearing, trial, or other live court proceeding, any Party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated. Notwithstanding the foregoing, however, Confidential Material, including documents or testimony introduced into evidence at trial, shall not be sealed or otherwise excluded from the public record of the live court proceeding except pursuant to a further order of the Court at the request of either Party during the hearing, trial, or other live court proceeding.

12. Nothing in the foregoing provisions of this Order shall:

    a. Prevent any Party from introducing Confidential Material into evidence, subject to the Designating Party's right to seek further protection from the Court;

    b. Preclude a Party from seeking additional protection of Confidential Material beyond this Order as that Party may deem appropriate; or

  c. Prevent a Party from objecting to discovery that it believes to be improper, including objections based upon the confidential or propriety nature of the Confidential Material requested.

 13. This Order has no effect on, and shall not apply to, any Party's intentional use or disclosure of documents or other information that it designated as Confidential Material. If a Party intentionally discloses material that it designated as Confidential Material by filing it other than under seal with the Court, the Confidential Material is no longer designated as CONFIDENTIAL and is no longer subject to the protections afforded to Confidential Material pursuant to this Order. A Party's inadvertent filing of Confidential Material other than under seal, however, shall be without prejudice to any claim that such material is Confidential Material and should be filed under seal, and the Party who inadvertently failed to file such Confidential Material under seal shall not be deemed to have waived its right to seek the sealing of such Confidential Material; provided, however, that the Party who inadvertently filed the Confidential Material must correct that filing within five (5) days of the filing.

 14. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

 15. A Designating Party's designation of materials as Confidential Material shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

 16. This Order shall not apply to any Confidential Material that: (a) becomes available to a Party, person, deponent, or other witness through lawful means other than in connection with this litigation; or (b) is determined by the Court to be exempted from the restrictions of this Order.

17. Final termination of this action, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. If requested by the Designating Party, after such final termination of this action, all Confidential Material designated by that Party and all copies thereof, including such materials in the hands of outside experts or consultants, shall be delivered to counsel of record for that Designating Party that asserted the CONFIDENTIAL Designation as to such materials; such delivery shall occur within fifteen (15) days after such request. Notwithstanding anything in this paragraph to the contrary, attorneys of record in this action may keep one copy of any Confidential Material in his/her file subject to the continuing limitations on use and disclosure imposed by this Order. Notwithstanding anything in this paragraph to the contrary, Confidential Material that is incorporated in materials prepared by or for a Party's representative, including such Party's attorney, expert, or consultant, may be collected and maintained by such Party's counsel in accordance with the continuing limitations on use and disclosure imposed by this Order. Notwithstanding anything in this paragraph to the contrary, no Party shall be required to turn over to any other Party its attorney work product, attorney-client communication, and/or trial strategy materials.

18. This Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law or rule, obligated to disclose.

19. The requirements of this Order shall apply to any materials produced in this action before and after the date that this Order is entered.

20. This Order may be modified or amended by agreement of all the Parties, subject to approval by the Court based on good cause shown, or by order of the Court in the interest of justice.

21. The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of Confidential Material where the interest of justice so requires.

Entered this 17th day of April, 2017

*Joel H. Slomsky*
Joel H. Slomsky
District Judge

/s/ Barry I. Buchman
Richard L. Scheff, Esq. (PA ID #35213)
Richard G. Placey, Esq. (PA ID #37713)
Steven Pachman, Esq. (PA ID #78001)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Telephone: 215-772-1500
Facsimile: 215-772-7620
Email: rscheff@mmwr.com
Email: rplacey@mmwr.com
Email: spachman@mmwr.com

Barry I. Buchman, Esq. (admitted *pro hac vice*)
Jason S. Rubinstein, Esq. (admitted *pro hac vice*)
Tamra B. Ferguson, Esq. (admitted *pro hac vice*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone: 202-772-2200
Facsimile: 202-772-2307
Email: buchmanb@gotofirm.com
Email: rubinsteinj@gotofirm.com
Email: fergusont@gotofirm.com

*Counsel for Plaintiff Gardner Denver, Inc.*

/s/ David J. Creagan
David J. Creagan (PA ID #70904)
Justin K. Fortescue (PA ID #203999)
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Telephone: 215-864-7032/6823
Email: creagand@whiteandwilliams.com
Email: fortescuej@whiteandwilliams.com

*Counsel for Defendant
Arch Insurance Company*

/s/ Michael R. Goodstein
Beth L. Weisser
2000 Market Street, 20th Floor
Fox Rothschild LLP
Philadelphia, PA 19103-3222
Telephone: 215-299-2892
Facsimile: 215-299-2150
Email: bweisser@foxrothschild.com

Michael R. Goodstein
David A. Muller
Bailey Cavalieri LLC
10 W. Broad Street, Suite 2100
Columbus, OH 53215
Telephone: 614-221-3155
Facsimile: 614-221-0479
Email: mgoodstein@baileycav.com
Email: dmuller@baileycav.com

*Counsel for Defendant*
*Continental Casualty Company*

/s/ Janet R. Davis
Kristie M. Abel (PA ID#311481)
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2715
Facsimile: 215-701-2337
Email: kabel@cozen.com

Janet R. Davis
Gary L. Gassman
Cozen O'Conner
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-474-7947
Facsimile: 312-706-9729
Email: jrdavis@cozen.com

*Counsel for Defendant*
*Federal Insurance Company*

# ADDENDUM A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARDNER DENVER, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARCH INSURANCE COMPANY; )<br>CONTINENTAL CASUALTY )<br>COMPANY; AND FEDERAL )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | Civil Action No. 16-CV-00159-JHS |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I hereby certify (i) my understanding that documents and other information designated as "Confidential Material" are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the United States District Court for the Eastern District of Pennsylvania (the "Court") on _____, 2017, and any amendments thereto, in the above-captioned matter; and (ii) that I have read the Stipulated Protective Order, I understand the terms of the Stipulated Protective Order, I agree to be bound by the Stipulated Protective Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Stipulated Protective Order. I understand that a violation of the Stipulated Protective Order may be punishable by contempt of court.

Signature: _____

Name: _____

Address: _____

Date: _____