# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARDNER DENVER, INC., <br> *Plaintiff*, <br> v. <br> ARCH INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; and FEDERAL INSURANCE COMPANY, <br> *Defendants*. | Civil Action No. 16-CV-00159-JHS |

**PLAINTIFF GARDNER DENVER, INC.'S NOTICE OF SUBSEQUENT AUTHORITY AND EVENT (RE MOTION TO COMPEL REGARDING PRIVILEGE AND WORK PRODUCT DESIGNATIONS ASSERTED BY FEDERAL INSURANCE COMPANY)**

Plaintiff Gardner Denver, Inc. ("GDI"), hereby gives notice of the following authority and event subsequent to the briefing (Doc. Nos. 81-1, 84 and 87) on the Motion to Compel Regarding Privilege and Work Product Designations Asserted by Federal Insurance Company (Doc. Nos. 81 and 82):

GDI calls to the Court's attention to the Opinion of the California Superior Court, County of San Mateo, in *Onyx Pharma. Inc. v. Old Republic Ins. Co., et al*, Case No. CIV 538248, Slip Opinion (Cal. Super. Ct., May 31, 2018), a copy of which is attached as Exhibit A.[1] This decision relates to the point that GDI argued in its opening brief (Doc. No. 81-1), at ECF pp. 6 and 7, and in its reply (Doc. No. 87), at ECF pp. 6 to 8, that the drafting history of the exclusion is critical and indeed some of the most probative information in this case.

The *Onyx* Court held (Ex. A at 6-7) that the bump-up exclusion in that case "does not apply to the situation (as here) where the Insured Organization is the acquired entity." As to the importance of drafting history, GDI brings to the Court's attention that the *Onyx* Court's

---

[1] The Court indicated that this ruling was tentative and thus subject to finalization later. Ex. A at 7.

reasoning (Ex. A pp. 11-12) carefully examined hypothetical alternative language that the insurers could have used but that was not used. The *Onyx* Court's analysis in this regard demonstrates how important alternative language, which may have been considered by Federal in the drafting of its bump-up exclusions, will be in this action.[2]

On this point, GDI further calls to the Court's attention that it has recently developed information about Kelly Daly, Esquire, one of the four in-house lawyers for Federal upon whom Federal bases its privilege position that is in dispute on the current motion; specifically, GDI has learned that Ms. Daly was a key drafter -- if not the key drafter -- of Federal's bump-up exclusions. Accordingly, her emails, other documents and testimony are reasonably expected to provide key information about drafting history which, as argued in the briefs, is some of the most

---

[2] For convenience, the text of that reasoning (from pp. 11-12) is reprinted here:

> The underlying Claim was that Amgen paid too low to acquire all ownership interest in Onyx. If such a Claim was excluded under the Loss Exclusion, it would have said, "that the price of consideration paid or proposed to be paid for the acquisition or completion of the acquisition of all or substantially all of the ownership interest in or assets of the Named Entity is inadequate." But it doesn't. Or it would say "all of the ownership interest in or assets of the Organization is adequate." But it doesn't. Or it would simply say that it is triggered by the allegations of a Claim "that the price or consideration paid or proposed to be paid for a Transaction is inadequate." But it doesn't.
>
> What it does say is "of an entity". The National Union policy, read as a whole, distinguishes between the Organization and/or Named Entity (which is Onyx) versus "an entity" (which is somebody else). This is also consistent with the law stating that insurance policy exclusions are to be read narrowly, and coverage is to be read broadly.
>
> Under such reading, and consistent with the terms of the language of the National Union policy, the Loss Exclusion does not apply (is not triggered) where the Named Entity is the acquired company. This would be consistent with reasonable expectations of the insured company and its directors and officers that they are insured for lawsuits alleging that they breached their fiduciary duties in selling their company too cheap. If found liable, then the insurance coverage proceeds would go to the injured shareholders of the Named Entity, i.e., the insured, who no longer own anything due to the merger.

probative information in this case.  Based on this new information, GDI recently requested Ms. Daly's deposition, which is being scheduled.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 23, 2018 | /s/ RG Placey |

Richard L. Scheff, Esq. (PA ID #35213)
Richard G. Placey, Esq. (PA ID #37713)
David F. Herman, Esq. (PA ID #318518)
MONTGOMERY, MCCRACKEN, WALKER
 & RHOADS, LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: 215-772-1500

Barry I. Buchman, Esq. (*pro hac vice*)
Michael J. Scanlon, Esq.  (*pro hac vice*)
Gina Falaschi, Esq.  (*pro hac vice*)
HAYNES AND BOONE, LLP
800 17th Street NW, Suite 500
Washington, DC 20006
Telephone:  202-654-2500