**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARDNER DENVER, INC. | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 16-CV-00159-JHS |
| | ) | |
| v. | ) | |
| | ) | |
| ARCH INSURANCE COMPANY; | ) | |
| CONTINENTAL CASUALTY COMPANY; | ) | |
| AND FEDERAL INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF THE MOTION OF LIONS GATE**
**ENTERTAINMENT CORP., STARZ ACQUISITION, LLC, AND STARZ**
**ENTERTAINMENT, LLC TO INTERVENE AND TO PARTIALLY UNSEAL THE**
**TRANSCRIPT OF THE SEPTEMBER 15, 2017 HEARING, AND FOR**
**EXPEDITED CONSIDERATION OF THE MOTION TO PARTIALLY UNSEAL**

Lions Gate Entertainment Corp. ("**Lions Gate**"), as well as Starz Entertainment, LLC ("**Starz E**") and Starz Acquisition, LLC ("**Starz A**") (collectively, the "**Starz Parties**") respectfully submit this brief in support of their motion to (1) permit Lions Gate and the Starz Parties to intervene in this action for the limited purpose of unsealing records; and (2) partially unseal the Transcript of the September 15, 2017 hearing on plaintiff Gardner Denver, Inc.'s ("**GDI**") Motion to Compel Discovery (the "**Hearing Transcript**"). There is some time urgency to resolution of this motion, as Lions Gate and the Starz Parties seek to provide this transcript to a Judge in California at or before a hearing set for July 26, 2019.

**I.    INTRODUCTION**

Lions Gate and the Starz Parties are litigating a directors and officers ("**D&O**") insurance dispute (the "**California Case**") that, as this case did, centers on the so-called Bump-Up Exclusion ("**BUE**"). The Hearing Transcript has become relevant in the California Case

because, as Arch Insurance Company ("**Arch**") and Federal Insurance Company ("**Federal**") did here, the defendant insurers in the California Case are resisting discovery of D&O insurance industry custom and practice evidence, which this Court ordered Arch and Federal to produce here. Thus, Lions Gate and the Starz Parties seek a partial unsealing of the Hearing Transcript so that the California court can have the benefit of this Court' analysis regarding these overlapping discovery issues.

As explained below, Arch and Federal cannot meet their heavy burden to show that a continued sealing of the entire Hearing Transcript is appropriate. To the contrary, all the briefs and supporting documents leading up to the Hearing Transcript, including the exhibits, were publicly filed. That fact is hardly surprising; parties litigate, and courts decide, virtually identical discovery disputes in public view regularly. Upon information and belief, the only reason that this Court granted Arch's request, to which GDI consented, for a limited exception to the strong presumption of access to court records was that a portion of the hearing might involve discussion of the contents of certain specific documents that Arch claimed were particularly sensitive. Neither Arch's request, nor GDI's consent, nor the Court's Order (Doc. No. 61) was premised on the notion that the entire Hearing Transcript was confidential.[1]

---

[1]  Undersigned counsel also was counsel for GDI in this case ("**Overlapping Counsel**"). Before filing this Motion, Overlapping Counsel requested the consent of Arch and Federal to the limited unsealing sought here; both insurers refused. (Although Continental Casualty Company was still a defendant during the referenced hearing, it was not involved in the discovery disputes addressed at the hearing and it settled shortly afterward.) Overlapping Counsel then advised Arch and Federal that it planned to advise the Court in the California Case of the fact of this Court's decisions in the Hearing Transcript without providing the Hearing Transcript and without discussing the content of the Hearing Transcript; neither insurer objected. Lions Gate and the Starz Parties since have referenced this Court's decisions in a motion to compel in the California Case; no insurer there has objected. GDI will be filing, under seal, a joinder to this motion that provides further detail regarding the very limited basis of this Court's Sealing Order that Overlapping Counsel could not provide to Lions Gate or the Starz Parties.

Although Lions Gate and the Starz Parties agree to the continued sealing of the portions of the Hearing Transcript that divulge the contents of the documents that Arch claimed were particularly sensitive, Arch's confidentiality interest is limited to protecting the specific contents of those documents.  That interest does not extend to the entirety of the hearing.  To the contrary, the strong interest in public access to court records weighs against keeping the entire Hearing Transcript under seal, and a partial sealing of the hearing transcript will suffice to protect Arch's interest.  Therefore, the Lions Gate and the Starz Parties respectfully ask this Court to partially unseal the Hearing Transcript.

## II.   FACTUAL BACKGROUND

### A.   The California Case focuses on the BUE, just as this case did.

Both this case and the California Case arose due to a dispute over coverage for the policyholders' settlements of shareholder litigation relating to mergers and acquisitions involving the policyholders.[2]  The insurers in both cases asserted a primary defense based on the BUE;[3] as a secondary defense, the insurers in both cases asserted an allocation defense, claiming that even if the BUE did not bar coverage altogether, some portion of the underlying losses were allocable to uninsured parties (the "**allocation issue**").[4]

---

[2]   *Compare* Doc. No. 3, GDI's 1st Am. Compl., at PDF pp. 1-3 of 32, *with* Declaration of Michael Scanlon ("**Scanlon Decl.**") filed herewith, Ex. 1, Cal. Compl., ¶¶ 1-2.  The complaint in each case discusses, among other things, (1) a high-ranking insurance company executive's public statements about the inapplicability of BUEs to losses from suits characterized as breach of fiduciary duty claims against the acquiree's board of directors, *compare* Doc. No. 3, GDI's 1st Am. Compl., ¶ 54, *with* Scanlon Decl., Ex. 1, Cal. Compl., ¶ 48; and (2) the reasonable expectations of policyholders regarding coverage for M&A claims, *compare* Doc. No. 3, GDI's 1st Am. Compl., PDF pp. 1-3 of 38, *with* Scanlon Decl., Ex. 1, Cal. Compl., ¶ 48.

[3]   *Compare* Doc. No. 36, Arch's Answer, at PDF pp. 1-3 of 38 & ¶ 37, *and* Doc. No. 38 Federal's Answer, ¶ 37, *with* Scanlon Decl., Ex. 2, Alterra America Insurance Company's ("**Alterra**") Answer, ¶ 6.

[4]   *Compare* Doc. No. 36, Arch's Answer, ¶ 38, *and* Doc. No. 38 Federal's Answer, ¶ 38 & 7th Affirmative Def., *with* Scanlon Decl., Ex. 3, Alterra's Reqs. for Production, Req. Nos. 24 & 54.

**B.      The California Case already has led to the same discovery disputes that the Court resolved in the Hearing Transcript.**

Because both this case and the California Case feature the BUE and the allocation issue, the policyholder plaintiffs in both cases sought discovery of drafting history information and reinsurance communications.  Specifically, the policyholders in each case sought drafting history discovery regarding not only the BUEs contained in the policies in each case but also regarding other BUEs developed or used by the insurer defendants; such information is pertinent to D&O industry custom and practice, which in turn is relevant to the potential latent ambiguities and the reasonable expectations of the insured.[5]  Similarly, the policyholders in both cases argued that discovery of reinsurance communications was discoverable because (1) the insurers put such information at issue by asserting allocation defenses;[6] (2) such communications could shed light onto the insurers' interpretations of policy language;[7] and (3) such communications could be relevant to the policyholders' respective claims for extra-contractual damages.[8]

**C.      Lions Gate and the Starz Parties wish to bring this Court's reasoning to the attention of the Court in the California Case, which has set a July 26, 2019 hearing on a motion to compel raising similar issues.**

On June 18, 2019, Starz A filed a motion to compel in the California Case seeking discovery of drafting history information and reinsurance communications from one of the insurers there.[9]  The hearing on that motion is set for July 26, 2019.[10]  Lions Gate and the Starz

---

[5]     *Compare* Doc. No. 56-1, GDI's Mem. in Supp. of Mot. to Compel, at pp. 16-17 of 29 and 20-21 of 29 *with* Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, Mem. in Supp. of Mot., at pp. 8-10.

[6]     *Compare* Doc. No. 56-1, GDI's Mem. in Supp. of Mot., at pp. 12 and 22 of 29 *with* Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, Mem. in Supp. of Mot., at p. 11.

[7]     *Compare* Doc. No. 56-1, GDI's Mem. in Supp. of Mot., at pp. 18-21 of 29, *with* Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, Mem. in Supp. of Mot., at p. 12.

[8]     *Compare* Doc. No. 56-1, GDI's Mot. to Compel, Mem. in Supp. of Mot., at pp. 19-20 of 29, *with* Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, Mem. in Supp. of Mot., at pp. 12-13.

[9]     Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, at pp. 8-13.

[10]    Scanlon Decl., ¶ 5.

Parties wish to bring the Hearing Transcript to the California court's attention, both for the purposes of the July 26th hearing and similar additional hearings that are anticipated. Further, to allow the Hearing Transcript to be provided to the Judge in that case at or before the July 26th hearing, Lions Gate and the Starz Parties respectfully request that the relevant portions of the Hearing Transcript be unsealed before that date.

**D.     Arch and its fellow insurer refuse to stipulate to a partial unsealing of the Hearing Transcript.**

On May 30 and 31, 2019, undersigned counsel for Lions Gate and the Starz Parties—who, as noted, also represented GDI in this case—contacted Arch's counsel and Federal's counsel requesting that Arch and Federal stipulate to a partial unsealing of the Hearing Transcript. Undersigned counsel provided them with a redacted copy of the Hearing Transcript showing the portions of the transcript that undersigned counsel proposed to unseal and the portions that it consented to keeping sealed. A copy of that redacted transcript will be provided to the Court, under seal, with GDI's upcoming brief supporting this Motion.[11]

Although neither Arch nor Federal asserted that the Court's rulings were confidential, both declined to stipulate to a partial unsealing—with Arch transmitting its refusal on May 31, 2019,[12] and Federal doing so on June 6, 2019.[13] Neither insurer even made a counter-proposal by proposing additional redactions; instead, both insurers have insisted that the *entire* Hearing Transcript remain under seal. As discussed below, Arch's and Federal's position is indefensible under well-settled law.

---

[11]   As noted, counsel has ***not*** provided the Hearing Transcript to Lions Gate or the Starz Parties.
[12]   Scanlon Decl., ¶ 8.
[13]   Scanlon Decl., ¶ 8.

### III.   ARGUMENT

#### A.   The law liberally allows parties such as Lions Gate and the Starz Parties to intervene in situations such as this one.

Rule 24 of the Federal Rules of Civil Procedure permits anyone to intervene who, *inter alia*, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  The Third Circuit has "routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) ("***Pansy***").[14]

Starz A wishes to provide the Hearing Transcript to the court in the California Case and, thus, has an interest in whether the document should remain under seal.[15]  Furthermore, intervention is proper here under *Pansy*, because Lions Gate and the Starz Parties want to gain access to the Hearing Transcript—a document to which they and the public as a whole have common law and constitutional rights of access.  Thus, Lions Gate and the Starz Parties respectfully request that the Court allow them to intervene in this action and to move to partially unseal to Hearing Transcript.

#### B.   Arch and Federal cannot sustain their burden to overcome the strong presumption in favor of partially unsealing the Hearing Transcript.

##### 1.   The Hearing Transcript is a judicial record, and the public's right of access to such records is beyond dispute.

The public has both a First Amendment and common law right of access to judicial proceedings and records.  *Press-Enterprise Co. v. Superior Court of California for Riverside*

---

[14]   *Jackson v. Delaware River & Bay Auth.,* 224 F. Supp. 2d 834, 837 (D.N.J. 2002); *see also* 6 *Moore's Federal Practice* §24.11 at p. 24-78 ("Courts generally have permitted intervention for the limited purpose of seeking access to material that has been sealed") and cases collected at nn. 41, 42, and 44-47.

[15]   Scanlon Decl., Ex. 4, Starz A's Mot. to Compel, Mem. in Supp. of Mot., at p. 2 & n.3.

*Cty*., 478 U.S. 1, 7-9 (1986); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 578-80 (1980*)*.[16]  Because the Hearing Transcript is undoubtedly a court record, Lions Gate and the Starz Parties have a right to access it.  The Court should partially unseal that document, unless Arch and its fellow insurer defendants can justify a continued *total* seal.

### 2.    There is no basis for a continued complete sealing of the Hearing Transcript.

Any order sealing court filings in contravention of the common law presumption of access to court records must be based on a showing of good cause by the party seeking to seal the particular pleading: "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity.  Broad allegations of harm unsubstantiated by specific examples or articulated reasoning do not support a good cause showing."  *Pansy,* 23 F.3d at 786.  Furthermore, "in assessing the requests for sealing under that [good cause] test [as required] under a First Amendment analysis, the court should apply a rigorous level of review to ensure that closure is in fact 'essential' to prevent a serious injury to the party seeking sealing, and that ***the requested closure is <u>narrowly tailored</u> to include <u>only</u> the information that may harm that party***."  *W. Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:12-CV-0692-JFC, 2013 WL 12141532, at \*7 (W.D. Pa. Sept. 16, 2013) (emphasis added) (citing *Publicker Industries v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

Arch and Federal cannot establish good cause for sealing the Hearing Transcript in its entirety because a partial unsealing will not cause the insurers "a clearly defined and

---

[16]  *See also, e.g., In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001) ("It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."); *United States v. Antar*, 38 F.3d 1348, 1361 (3d Cir. 1994) (holding that this common law right of access was the foundation of the First Amendment right to access, and expressly applying it to transcripts).

serious injury." As noted earlier, upon information and belief, the only basis for the sealing of the Hearing Transcript was to protect the content of certain specific documents discussed at the hearing; Arch never even argued that the discussions of the broader discovery disputes at issue during the hearing were confidential. Nor could it make such an argument; as shown in GDI's motion to compel leading up to the hearing, parties litigate, and courts decide, such disputes in the public view routinely.[17] There is no continuing need to seal the Hearing Transcript except for the small section where the contents of these specific documents are discussed. These facts give lie to any claim that good cause—in the form of clearly defined and serious injury—for continued total sealing exists.

Moreover, even if Arch and Federal could establish a cognizable injury stemming from an unsealing, a partial unsealing is warranted under the seven factors set forth in *Pansy* and used by courts in the Third Circuit when determining a motion to seal or unseal[18] under the common law:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

---

[17]   Doc. No. 56-1, GDI's Mem. in Supp. of Mot., *passim* (citing cases).

[18]   *Pansy* itself was a motion to vacate a confidentiality order and unseal a settlement agreement. *Id.* at 775, 780 and 783-85.

*Glenmeade Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *United States v. White*, 2004 WL 2399731 at *5 (E.D. Pa. 2004).

The factors going to party embarrassment, public health and safety, and public entities/officials are not implicated here, and all the other factors tilt heavily in favor of a partial unsealing.  Partially unsealing the Hearing Transcript will not harm Arch's privacy interest, because Lions Gate and the Starz Parties seek to unseal only the portions of the Hearing Transcript that were never implicated in Arch's sealing request.  Lions Gate and the Starz Parties also seek a partial unsealing for a legitimate purpose; they seek to cite and provide a copy of the Hearing Transcript to the California Court.  Indeed, this is not just a legitimate purpose, but a core use of judicial records.  Sharing the Hearing Transcript with the California court also will satisfy the fairness and efficiency factor and the public interest factor; specifically, access to the Hearing Transcript will promote the development and consistent application of the law and the consistent and proper interpretation and enforcement of insurance policies, including the right to obtain discovery relevant to disputes under those insurance policies.

Indeed, the insurers in this case had to turn over much of the disputed discovery because the Court believed the information was relevant to insurance industry custom and practice; it would be incongruous for the insurers in the California Case to escape producing their own documents and information regarding the same industry-wide custom and practice because the California court was deprived of the opportunity to analyze this Court's decision and reasoning.  Accordingly, any argument that the Hearing Transcript should remain completely sealed should be rejected.

-9-

IV.     **CONCLUSION**

For all the above reasons, Lions Gate and the Starz Parties respectfully request permission to intervene in this action and request that the Court partially unseal the Hearing Transcript.

Respectfully submitted,


Dated:  July 8, 2019                                     _____/s/ RGPlacey_____
                                                        Richard G. Placey, Esq. (PA ID #37713)
                                                        Steven Pachman (PA ID #78001)
                                                        MONTGOMERY, MCCRACKEN,
                                                            WALKER & RHOADS, LLP
                                                        1735 Market Street
                                                        Philadelphia, PA  19103
                                                        Telephone:  215-772-1500

                                                        Barry I. Buchman, Esq. (*pro hac vice*)
                                                        Michael J. Scanlon, Esq. (*pro hac vice*)
                                                        HAYNES AND BOONE, LLP
                                                        800 17th Street NW, Suite 500
                                                        Washington, DC  20006
                                                        Telephone:  202-654-2500

                                                        Attorneys for Intervenors Lions Gate Entertainment
                                                        Corp., Starz Entertainment, LLC, and Starz
                                                        Acquisition, LLC

4976430v2