**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARDNER DENVER, INC., | : <br> : |
| Plaintiff, | : <br> : <br> CIVIL ACTION |
| v. | : <br> : NO. 16-CV-00159-JHS |
| ARCH INSURANCE COMPANY, <br> CONTINENTAL CASUALTY COMPANY AND <br> FEDERAL INSURANCE COMPANY, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2020, upon consideration of Arch

Insurance Company's Motion to Enforce Protective Order, any response thereto, and the briefs

and arguments of counsel, it is hereby **ORDERED** that the Motion is **GRANTED.**  It is further

**ORDERED** that:  (1) Plaintiff's counsel Haynes and Boone, LLP ("Haynes Boone") must

identify all uses it has made of Arch's Confidential Documents since the termination of this

action; (2) Haynes Boone must retrieve and destroy all copies of Arch's Confidential Documents

that it has disseminated in violation of the Protective Order; (3) Haynes Boone is barred from

making any further use of Arch's Confidential Documents contrary to the Protective Order; (4)

Haynes Boone and Plaintiff Gardner Denver, Inc. are to destroy all of their copies of Arch's

Confidential Documents; and (5) Haynes Boone is required to pay Arch's reasonable attorneys'

fees and costs incurred in connection with this Motion.

**IT IS SO ORDERED.**

_____
U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GARDNER DENVER, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 16-CV-00159-JHS |
| ARCH INSURANCE COMPANY, | : |
| CONTINENTAL CASUALTY COMPANY AND | : |
| FEDERAL INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |

## ARCH INSURANCE COMPANY'S MOTION TO ENFORCE PROTECTIVE ORDER

Under Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.1, Arch

Insurance Company moves to enforce the Stipulated Protective Order entered by this Court on

April 17, 2017 (Doc. No. 43). The reasons and authorities supporting this Motion are set forth in

the accompanying Memorandum of Law.

Respectfully submitted,

WHITE AND WILLIAMS LLP

By: _/s/ David J. Creagan_
    David J. Creagan
    Justin K. Fortescue
    White and Williams LLP
    1650 Market Street
    One Liberty Place, Suite 1800
    Philadelphia, PA 19103
    creagand@whiteandwilliams.com
    fortescuej@whiteandwilliams.com
    (215) 864-7032/6823

    *Attorneys for Defendant,*
    *Arch Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARDNER DENVER, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 16-CV-00159-JHS |
| ARCH INSURANCE COMPANY, | : |
| CONTINENTAL CASUALTY COMPANY AND | : |
| FEDERAL INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**ARCH INSURANCE COMPANY'S MOTION TO ENFORCE PROTECTIVE ORDER**

David J. Creagan
Justin K. Fortescue
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
creagand@whiteandwilliams.com
fortescuej@whiteandwilliams.com
(215) 864-7032/6823

*Attorneys for Defendant,*
*Arch Insurance Company*

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................................2

II.     FACTUAL BACKGROUND.................................................................................3

     A.      The Protective Order entered in this case prevents the use of Arch's Confidential
          Documents without Arch's consent. .......................................................................3

     B.      Haynes Boone intends to use Arch's Confidential Documents in the *Starz*
          litigation. .................................................................................................................5

III.    ARGUMENT ...........................................................................................................7

     A.      Haynes Boone may not disclose or use Arch's Confidential Documents in
          violation of the Protective Order............................................................................7

     B.      Haynes Boone should not be permitted to ignore the Protective Order in this case.10

III.    CONCLUSION.......................................................................................................11

23863386v.4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Grant Heilman Photography., Inc. v. Pearson, Educ., Inc.*,
No. 11-4649, 2018 U.S. Dist LEXIS 88835 (E.D. Pa. May 29, 2018) ...............................8, 10

*In re Linerboard Antitrust Litig.*,
No. 98-cv-5055, 2012 U.S. Dist. LEXIS 99001 (E.D. Pa. July 16, 2012) ...............................8

*Starz Acquisitions, LLC et al. v. Allied World Assurance Company U.S. et al.*,
No. 18 STCV 04283 (Cal. Sup. 2018) ........................................................2, 3, 4, 5, 6, 7, 10, 11

*Yamashita v. Pearson Edu. Inc.*,
No. 16-3918 ____ (D. N.J. 2017) ...........................................................................................8

*York Group., Inc. v. Pontone*,
No. 10-cv-1078, 2014 U.S. Dist. LEXIS 105078 (W.D. Pa. Aug. 1, 2014) ...........................8

OTHER AUTHORITIES

Fed. R. Civ. P. 37(b)(2)(A)(vii) ..............................................................................................8

23863386v.4

Defendant Arch Insurance Company ("Arch") moves for an order enforcing the Stipulated Protective Order (Doc. No. 43) ("Protective Order") the Court entered in this case and barring the unauthorized use of documents designated "Confidential" under the Protective Order.

Plaintiff's counsel Haynes and Boone, LLP ("Haynes Boone") has used or is intending to use information and documents designated Confidential by Arch under the Protective Order ("Arch's Confidential Documents") in an unrelated insurance coverage action in California state court. Haynes Boone takes the position that confidential Arch documents that are in Haynes Boone's possession only because Arch produced them to plaintiff Gardner Denver, Inc. ("GDI") in this case, are "in the possession or control" of a different client represented by Haynes Boone in the unrelated litigation in California. This position is contrary to law, logic, and common sense and should be enjoined. Arch's Confidential Documents are not pertinent to the California litigation: Arch is not a party to that action and its insurance policies are not at issue there. Moreover, the insurer defendants in the California action are Arch's competitors and should not be permitted to see Arch's Confidential Documents.

Arch respectfully requests that the Court: (1) order Haynes Boone to identify all uses that it has made of Arch's Confidential Documents since the termination of this action; (2) require Haynes Boone to retrieve and destroy all copies of Arch's Confidential Documents that it has disseminated in violation of the Protective Order; (3) bar Haynes Boone from making any further use of Arch's Confidential Documents; (4) order Haynes Boone and GDI to destroy all of their copies of Arch's Confidential Documents; and (5) award Arch its reasonable attorneys' fees and costs incurred in connection with this Motion.

23863386v.4

## I.      **INTRODUCTION**

In 2016, GDI filed a lawsuit against Arch and two other carriers (Federal Insurance Company and Continental Insurance Company) in which GDI sought insurance coverage for a settlement GDI had reached with its shareholders to resolve several class action lawsuits.  GDI was represented by Barry Buchman and Michael Scanlon of Haynes Boone.

In this action, Arch produced documents to GDI and the other defendants that Arch designated "Confidential" pursuant to the Protective Order.  The Protective Order expressly provides that any documents designated "Confidential" (including Arch's Confidential Documents) "may not be disclosed to any person" not authorized by the Protective Order.  At no point during the litigation did GDI, or any other party, challenge the "Confidential" designation of Arch's documents.  Ultimately, after several years of litigation, Arch and GDI (as well as defendants Federal and Continental) were able to settle their dispute, and this Court dismissed the action with prejudice.  (*See* January 11, 2019 Order (Doc. No. 120) dismissing action, attached as Ex. 1.)

In a series of recent written communications, as well as in telephonic conferences, the attorneys at Haynes Boone who represented GDI in this case have stated that they intend to produce and to use Arch's Confidential Documents in an unrelated insurance coverage action styled *Starz Acquisitions, LLC et al. v. Allied World Assurance Company U.S. et al.*, No. 18 STCV 04283 (Cal. Sup. 2018) ("*Starz*"), where they represent the plaintiff policyholders Lions Gate, Starz Acquisitions and Starz Entertainment ("Starz Plaintiffs").  The Protective Order in the *GDI* case permits Haynes Boone to retain one copy of Arch's Confidential Documents obtained during its representation of GDI.  The Haynes Boone attorneys are taking the position, partially in response to document requests served on their clients in the *Starz* case, that because

they are the Starz Plaintiffs' attorneys, Arch's Confidential Documents are in the possession or control of the Starz Plaintiffs and thus subject to discovery. The Court should reject this specious argument because it is without legal support and, if accepted, would require attorneys to produce documents and information obtained from clients and their adversaries in unrelated cases where those former clients and adversaries are not parties.

Moreover, whether or not the Arch Confidential Documents in Haynes Boone's files are deemed in the possession or under the control of the Starz Plaintiffs, the Protective Order in this case prevents their use without Arch's consent. Arch does not consent to the production or use of Arch's Confidential Documents in the *Starz* litigation, and asks the Court to enforce the Stipulated Protective Order entered in this case to prevent the dissemination of those documents to unauthorized recipients, including Arch's competitors.

## II.   FACTUAL BACKGROUND

### A.   The Protective Order entered in this case prevents the use of Arch's Confidential Documents without Arch's consent.

All the Parties to this action, and their lawyers, recognized that discovery would "involve the exchange of confidential and proprietary commercial information. . . " and therefore sought a protective order from the Court. (*See* Joint Memorandum of Law in Support of Joint Motion for Entry of Proposed Stipulated Protective Order (Doc. No. 42-2), attached as Ex. 2.) In their Joint Motion, the Parties agreed that "[t]he documents to be produced thus likely will contain confidential financial information and business strategy information" and that "[t]he public, including any competitors of, or entities related to, the Parties, have no legitimate interest in the discovery to be exchanged in this matter." (*Id.* at 2.)

The Court concurred with the Parties' assessment and, on April 17, 2017 ordered that discovery would be conducted pursuant to a Stipulated Protective Order. (*See* April 17, 2017

Stipulated Protective Order (Doc. No. 43), attached as Ex. 3.)  Under the Protective Order, each

of the Parties sought protection for Confidential Material "that is not available to the public and

that is confidential and proprietary."  (*Id*. at 1.)  The Protective Order also set out the Parties'

agreement that "disclosure of [Confidential Information] could be of substantial value to

competitors, and could place [the Parties] at a competitive disadvantage." (*Id*. at 2.)

The Protective Order permitted the Parties to designate documents "Confidential" and

thus subject to protection under the Protective Order. (*Id.* at 3, ¶3(a).)  Once a party has

designated a document "Confidential," the Protective Order provides that the document "shall be

used or disclosed only in accordance with the provisions of [the Protective Order]".  (*Id*. at 3,

¶2.)  The Protective Order makes clear that Confidential documents "may not be disclosed to any

person" other than a list of specifically enumerated categories of individuals.  (*Id*. at 4, ¶5.)[1]

The Protective Order contains a procedure by which, during the GDI litigation, a Party

could challenge another Party's designation of a document as "Confidential."  As set out in ¶ 7 of

the Order, a Party objecting to a "Confidential" designation was required to notify the

designating Party within 14 days of the designation and, if the issue could not be resolved

between the Parties, it was to be presented to the Court.  (*Id.* at 5, ¶7.)  No Party challenged the

"Confidential" designation of any document in this case.

The Protective Order also provides that a Party may "request permission" to disclose

Confidential documents to a person other than those identified in ¶5 of the Order, but makes it

clear that, if the designating Party withholds consent, it is incumbent on the Party seeking

disclosure to submit the matter to [this] Court for resolution.  (*Id*. at 5, ¶6.)  In that scenario, the

---

[1] The individuals to which Confidential documents could be disclosed included only:  (a) the Parties and their counsel; (b) experts and consultants; (c) deponents and witnesses; (d) reinsurers; (e) regulators and auditors; (f) court reporters; (g) persons who are shown on the face of the document to have authored or received the Confidential documents; (h) any other person ordered by the Court or agreed by the Parties; and (i) the Court.  (*See* Ex. 3 at 4-5.)

Confidential documents in question "shall not be disclosed until the Court resolves the matter." (*Id.*)  Again, until now, no Party has requested permission to disclose Confidential documents in this case to any persons not designated in the Protective Order.

Finally, the Protective Order expressly provides that "[f]inal termination of [the GDI] action . . . shall not terminate the limitations on use and disclosure imposed by [the Protective] Order."  (*Id*. at 10, ¶17.)  In other words, even though the GDI action has been resolved and closed, the Protective Order and its restrictions on the disclosure of Confidential documents remain in force.  The Protective Order requires the "attorneys of record" to return or destroy copies of Confidential documents while allowing them to keep one copy.  The Protective Order expressly provides, however, that any copies of Confidential documents remaining in the attorneys' possession remain "subject to the continuing limitations on use and disclosure imposed by th[e] Order."  (*Id*.)

**B.**      **Haynes Boone intends to use Arch's Confidential Documents in the *Starz* litigation.**

On December 2, 2019, GDI's counsel emailed Arch's counsel advising that "[Haynes Boone] currently represents Lions Gate, Starz Acquisition and Starz Entertainment in *Starz Acquisitions, LLC et al. v. Allied World Assurance Company U.S.,* currently pending in the Superior Court of California,  and "the time has come for us to start using documents from the *Gardner Denver* coverage case."  (*See* Dec. 2, 2019 E-Mail from M. Scanlon to D. Creagan, attached as Ex. 4.)  Arch is not a party to the *Starz* case, and Arch's policies and policy language are not at issue in that case.

Mr. Scanlon's email noted that "one-insurer-defendant" served a document request on Lions Gate for "ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party and other documents not in the public record RELATING to

[the GDI Litigation]" and that "[Haynes Boone] ha[d] agreed to respond." (*Id.*) Mr. Scanlon also asserted (without support) that "it is our view that a document which was designated confidential under the Gardner Denver protective order when produced lost that confidential designation if it was used in a deposition that was not designated confidential under that protective order, so we do not have to file any such document under seal in the California coverage case." (*Id.*)

Later that same day, Arch's counsel responded by attaching a copy of the Protective Order entered by this Court and reminding Mr. Scanlon that the obligations of the Protective Order "still apply." (*See* Dec. 2, 2019 E-Mail from D. Creagan to M. Scanlon, attached as Ex. 5.) Arch's counsel also advised that Arch "do[es] not agree with your reading of the protective order." (*Id.*)

Following this exchange of emails, counsel had a number of telephonic meet and confers – most recently on November 13, 2020 – to discuss the continuing application of the Protective Order entered by this Court, and how Haynes Boone's production in the *Starz* litigation of documents Arch had designated as confidential in the *GDI* case would violate the Protective Order. (*See* Declaration of David J. Creagan, attached as Ex. 6 at ¶ 10.) During these phone calls, Mr. Buchman, attorney for GDI in this case and for the Starz Plaintiffs in the *Starz* case, repeated that the Starz Plaintiffs had received document requests from one of the defendant insurance carriers for "all documents" related to the GDI litigation (including documents designated Confidential by the parties). (*Id.* at ¶11.) Mr. Buchman indicated that he wished to produce the Confidential documents from the *GDI* case and would, if Arch would not agree, seek relief from this Court's Protective Order with the Court in California. (*Id.* at ¶12.) The stated bases on which Mr. Buchman rests his purported entitlement to use Arch's Confidential

Documents from the *GDI* case in the *Starz* litigation are: (1) he wishes to rely on them to support his arguments against the insurer defendants in *Starz*; and (2) the insurers in the California action served a document request on the Starz Plaintiffs with which he is obliged to comply. (*Id. at* ¶13.)

Arch's counsel reminded Haynes Boone that the Protective Order in the *GDI* case prohibits the production of Confidential material to third parties like the insurance carriers in the *Starz* case – all of which are Arch's competitors. (*Id.* at ¶14.) Arch's counsel also noted that some of the documents that Arch designated as "Confidential" contain the confidential business information of its insured, GDI, and that before Arch could consent to the production of any of those Confidential documents, it would need written confirmation from GDI that it also consented. (*Id.* at ¶15.)

Arch's counsel also questioned how documents produced by Arch in the *GDI* case could be "in the possession or control" of the Starz Plaintiffs and noted that, if the Starz Plaintiffs were indeed "in possession or control" of Arch's Confidential Documents, Haynes Boone would have already violated the Protective Order entered by this Court. (*Id.* at ¶16.) Haynes Boone's response was that the Arch Confidential Documents were in the possession or under the control of the Starz Plaintiffs simply because those documents were in their attorneys' (Haynes Boone) files. (*Id*. at ¶17.)

## III. <u>ARGUMENT</u>

### A. <u>Haynes Boone may not disclose or use Arch's Confidential Documents in violation of the Protective Order.</u>

It is indisputable that a valid order – the Protective Order, Doc. No. 43 – exists and that GDI and Haynes Boone are aware of its existence. Indeed, GDI, through Haynes Boone, expressly agreed to the entry of the Protective Order. (*See* Ex. 2.) It is equally indisputable that

the Protective Order, by its express terms, prohibits the disclosure of Arch's Confidential Documents to third parties, other than those specifically enumerated individuals in the Order, and that the Starz Plaintiffs are not among those specifically enumerated individuals. (*See* Ex. 3 at 4, ¶5.)

Haynes Boone, in what appears to be a violation of the Protective Order, has taken the position that Arch's Confidential Documents are "in the possession or control" of the Starz Plaintiffs. (*See* Ex. 6 at ¶17.) If so, that is unacceptable and a clear violation of the Protective Order.[2]

*Grant Heilman Photography v. Pearson, Educ. Inc.*, 2018 U.S. Dist. LEXIS 88835 (E.D. Pa. May 29, 2018) is instructive. There, the court ordered that certain documents produced by Pearson were deemed confidential and subject to a protective order that provided, among other things, that the documents could not be disclosed to "any person except for [a list of enumerated individuals.]" *Id.* at *2-3.

Counsel for Pearson and counsel for Grant Heilman (Harmon, Seidman, Bruss & Kerr LLC ("HSBK")) were also involved in similar litigation in New Jersey - *Yamashita v. Pearson Edu. Inc.*, No. 16-3918 _____ (D. N.J. 2017). *Id.* at 1 n.1. In the *Yamashita* litigation, HSBK

---

[2] Under the Federal Rules of Civil Procedure, a court may impose sanctions on a party – including finding the party in civil contempt – for violating a protective order. Fed. R. Civ. P. 37(b)(2)(A)(vii) (If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] treating as contempt of court the failure to obey any order expect an order to submit to a physical or mental examination."). A party moving to impose sanctions is "not required to show the violating party willfully violated the court order in order to establish civil contempt and 'good faith is not a defense to civil contempt.'" *Grant Heilman Photography., Inc. v. Pearson, Educ., Inc.*, No. 11-4649, 2018 U.S. Dist LEXIS 88835, *7 (E.D. Pa. May 29, 2018). In crafting the appropriate sanction against the violating party, courts take into consideration "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the desired result." *In re Linerboard Antitrust Litig.*, No. 98-cv-5055, 2012 U.S. Dist. LEXIS 99001, at *104 (E.D. Pa. July 16, 2012) (citations omitted). The Court may impose a number of sanctions for violation of its Protective Order including, for example, (i) requiring Haynes Boone to discontinue all use of confidential documents produced during the GDI litigation; (ii) ordering the destruction of any confidential documents that were improperly used; and (iii) awarding attorneys' fees and costs. *See Pearson*, 2018 U.S. Dist LEXIS 88835, at *7 (awarding attorneys' fees and ordering destruction of all confidential information); *York Group., Inc. v. Pontone*, No. 10-cv-1078, 2014 U.S. Dist. LEXIS 105078, at *12-13 (W.D. Pa. Aug. 1, 2014) (awarding payment of attorneys' fees).

identified the confidential Pearson documents HSBK received in the Grant Heilman litigation, in Yamashita's Rule 26 disclosures. *Id.* at *3-4. In response, Pearson filed a motion to enforce the protective order and impose sanctions against HSBK arguing that "HSBK affirmatively represented that the [confidential Pearson documents] filed under seal were in their possession, custody, or control and that they intended to use them to support their claims in the Yamashita action." *Id.* at *4.

In response, HSBK argued it "only identified and internally 'used' the confidential information produced by Pearson . . . but never intended to publicly reveal that information without (1) obtaining the information separately in discovery in Yamashita or (2) modifying the Protective Order to permit their use." *Id.* at *5. Further, HSBK argued it "never disclosed information to the Yamashita plaintiffs themselves and never used the information in any public or sealed filing." *Id.*

The court rejected HSBK's arguments, finding that "[b]y including [Pearson's confidential documents] in [Yamashita's] Rule 26(a) disclosures, HSBK represented that the documents were 'in its possession, custody or control' and that the documents 'might be used in the Yamashita action.'" *Id.* at *9. The court noted that "while HSBK's identification of [Pearson's confidential documents] appears to be harmless, the Protective Order did not permit HSBK to disclose Pearson's confidential information to the Yamashita plaintiffs . . . ." *Id.* As a result of the court's finding, the court ordered: (1) that HSBK identify all uses of Pearson's confidential documents since termination of the action; (2) that HSBK retrieve and destroy any copies of Pearson's confidential documents it had disseminated in violation of the protective order; (3) that HSBK may not make any further use of Pearson's confidential information; (4)

that HSBK and Grant Heilman must destroy all of Pearson's confidential documents; and (5) that HSBK pay Pearson's reasonable attorneys' fees and costs. *Id.* at *13.

Here, like in *Pearson*, the only way Arch's Confidential Documents could be in the Starz Plaintiffs' "possession or control" would be if Haynes Boone provided them. If so, Haynes Boone has already violated the Protective Order.

**B.**     <u>Haynes Boone should not be permitted to ignore the Protective Order in this case.</u>

Assuming that Haynes Boone has not already violated the Protective Order, this Court should ensure that Haynes Boone does not do so in the future. In reliance on the Stipulated and Court-ordered Protective Order, Arch made a substantial production of documents in the *GDI* litigation. Consistent with the Protective Order, Arch designated many of its documents as "Confidential" to ensure that its (and its insureds') commercially sensitive business information would not be revealed outside of the litigation. GDI did not contest any of Arch's "Confidential" designations and designated a large number of documents that GDI produced as "Confidential," as well. Thus, in the *GDI* case, there was never a dispute (or even a discussion) about the Parties' respective Confidential designations of documents.[3]

Arch is not a party to the *Starz* litigation, nor is GDI. The insurer defendants in that case are Arch's direct competitors. Arch's policies or policy terms are not at issue in *Starz*. Accordingly, there is no plausible basis for Arch's Confidential Documents to be imported from this case into the *Starz* litigation. Arch has a continuing interest in preserving the confidentiality of its own information as well as the information of its insured, GDI. For those reasons, Arch

---

[3] Apart from the Protective Order, Arch also has an independent duty to maintain the confidentiality of its insureds' information, including that of GDI. Indeed, many of the documents Arch designated as confidential include information that is commercially sensitive to both Arch and GDI. The fact that GDI also designated many of its documents as Confidential, including some of the same documents designated by Arch, coupled with the fact that GDI did not contest any of Arch's designations, would strongly suggest that GDI and its counsel Haynes Boone also thought it necessary for Arch (as well as GDI) to keep its business information Confidential.

does not consent, and objects to the production of its Confidential documents in the *Starz* case. Haynes Boone should be explicitly prohibited from producing Arch's Confidential Documents in the *Starz* matter or elsewhere.

## III.    CONCLUSION

For all of the foregoing reasons, Arch respectfully asks this Court for an Order enforcing the Stipulated Protective Order in this case and awarding the following relief:

(1) order Haynes Boone to identify all of its uses of Arch's Confidential Documents since the termination of this action;

(2) require Haynes Boone to retrieve and destroy all of its copies of Arch's Confidential Documents that have been disseminated in violation of the Protective Order;

(3) bar Haynes Boone from making any further use of Arch's Confidential Documents;

(4) order Haynes Boone and GDI to destroy all of their copies of Arch's Confidential Documents; and

(5) award Arch its attorneys' fees and costs incurred in connection with this Motion.

Respectfully submitted,

WHITE AND WILLIAMS LLP

Dated:  November 13, 2020          By:    */s/  David J. Creagan*
                                                          David J. Creagan
                                                          Justin K. Fortescue
                                                          White and Williams LLP
                                                          1650 Market Street
                                                          One Liberty Place, Suite 1800
                                                          Philadelphia, PA  19103
                                                          creagand@whiteandwilliams.com
                                                          fortescuej@whiteandwilliams.com
                                                           (215) 864-7032/6823

                                                          *Attorneys for Defendant,*
                                                          *Arch Insurance Company*

23863386v.4

<u>**CERTIFICATE OF SERVICE**</u>

I, David J. Creagan, attorney for Arch Insurance Company, hereby certify that on this 13th day of November 2020 I served a true and correct copy of Arch Insurance Company's Motion to Enforce Protective Order and Memorandum of Law in Support on all counsel of record via the Court's ECF electronic filing system.

WHITE AND WILLIAMS LLP

By:   <u> */s/  David J. Creagan*      </u>
     David J. Creagan
     Justin K. Fortescue
     White and Williams LLP
     1650 Market Street
     One Liberty Place, Suite 1800
     Philadelphia, PA  19103
     creagand@whiteandwilliams.com
     fortescuej@whiteandwilliams.com
     (215) 864-7032/6823

     *Attorneys for Defendant,*
     *Arch Insurance Company*

23863386v.4

# *Exhibit 1*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


GARDNER DENVER, INC.                      :        Civil Action


        v.                                :
ARCH INSURANCE COMPANY, et al       :        No. 16-159


**O R D E R**

**AND NOW,** this 11th day of January, 2019, it having been reported that the issues between the parties in the above action have been settled and upon Order of the Court, pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court (effective January 1, 1970), it is


**ORDERED** that this action is **DISMISSED** with prejudice, pursuant to agreement of counsel without costs.


BY THE COURT


*Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
U.S. MAGISTRATE JUDGE


Civ.2 41.1(b) Party (3/18)

*Exhibit 2*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARDNER DENVER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-CV-00159-JHS |
| | ) |
| ARCH INSURANCE COMPANY; | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY; AND FEDERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION FOR ENTRY OF PROPOSED STIPULATED PROTECTIVE ORDER**

Plaintiff Gardner Denver, Inc. ("GDI") together with Defendants Arch Insurance

Company ("Arch"); Continental Casualty Company ("CNA"); and Federal Insurance Company

("Federal") (collectively, the "Parties") respectfully submit this Joint Memorandum of Law in

Support of their Joint Motion for Entry of Proposed Stipulated Protective Order ("Motion").

This case involves a directors and officers ("D&O") insurance coverage dispute, arising

out of a $29 million settlement of shareholders class actions (the "Underlying Litigation")

regarding the 2013 merger agreement entered into by GDI with affiliates of Kohlberg Kravis

Roberts & Co. L.P. ("KKR").  Discovery in this case thus will involve the exchange of

confidential and proprietary commercial information regarding, among other things, the

Defendants' underwriting of and decision to issue, and GDI's evaluation of and decision to

purchase, various D&O insurance policies that provide tens of millions of dollars in coverage.

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure expressly authorizes the Court to enter a protective order "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

The procedural jurisprudence of the Third Circuit, *e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), mandates that at all times under Rule 26, the Court must focus on "good cause."  In determining whether good cause exists, the courts have adopted a balancing process, weighing the interests of the nonparty seeking the information against the interests of the parties in safeguarding their secrecy.  Here, the Parties' claims and defenses relate to confidential and proprietary commercial information.  *See* Plaintiff GDI's First Amended Complaint (Docket No. 3); Defendant Arch Insurance Company's Answer (Docket No. 36); Defendant CNA's Answer and Affirmative Defenses (Docket No. 37); Defendant Federal Insurance Company's Answer (Docket No. 38).  The documents to be produced thus likely will contain confidential financial information and business strategy information.  The public, including any competitors of, or entities related to, the Parties, have no legitimate interest in the discovery to be exchanged in this matter.

In *Pansy*, documents were sought by various media sources concerning the settlement of a case against a municipality.  Those facts weighed heavily against continuance of a protective order.

In contrast, in this case the balancing comes out decidedly the other way.  To date, there are no outside parties seeking any information.  Further, the Parties seeking to protect the secrecy of the information are not public or governmental entities, but rather commercial entities. Finally, all Parties consent and agree to the Proposed Stipulated Protective Order.  Because Federal Rule 26(c)(1)(G) already expressly authorizes the Court to issue a protective order

mandating that confidential information not be revealed or be revealed in only a certain way, the *Pansy* factors weigh toward entry of the proposed Stipulated Protective Order.

The Proposed Stipulated Protective Order, Exhibit 1 to the Motion, is reasonably necessary to protect the legitimate interests of each of the Parties in this matter, and all Parties join in requesting the entry of the Proposed Stipulated Protective Order.  The Proposed Stipulated Protective Order also does not over-protect any proprietary, confidential, commercial, or other data and information.  Further, practical methods for resolving disputes as to the classification of documents, as being worthy of protection (or as not being worthy of such protection), and as to the sealing of documents, are included within the proposed Stipulated Protective Order.

WHEREFORE, all Parties respectfully request that the Proposed Stipulated Protective Order be entered.

This 11th day of April, 2017.                              Respectfully submitted,

| | |
|---|---|
| /s/ Barry I. Buchman | /s/ David J. Creagan |
| Richard L. Scheff, Esq. (PA ID #35213) | David J. Creagan (PA ID #70904) |
| Richard G. Placey, Esq. (PA ID #37713) | Justin K. Fortescue (PA ID #203999) |
| Steven Pachman, Esq. (PA ID #78001) | White and Williams LLP |
| Montgomery, McCracken, Walker & Rhoads, LLP | 1650 Market Street |
| 123 South Broad Street | One Liberty Place, Suite 1800 |
| Avenue of the Arts | Philadelphia, PA 19103 |
| Philadelphia, PA 19109 | Telephone:  215-864-7032/6823 |
| Telephone:  215-772-1500 | Email:  creagand@whiteandwilliams.com |
| Facsimile:  215-772-7620 | Email:  fortescuej@whiteandwilliams.com |
| Email:  rscheff@mmwr.com | |
| Email:  rplacey@mmwr.com | *Counsel for Defendant* |
| Email:  spachman@mmwr.com | *Arch Insurance Company* |
| | |
| Barry I. Buchman, Esq. (admitted *pro hac vice*) | |
| Jason S. Rubinstein, Esq. (admitted *pro hac vice*) | |
| Tamra B. Ferguson, Esq. (admitted *pro hac vice*) | |

GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  202-772-2200
Facsimile:  202-772-2307
Email:  buchmanb@gotofirm.com
Email:  rubinsteinj@gotofirm.com
Email:  fergusont@gotofirm.com

*Counsel for Plaintiff Gardner Denver, Inc.*


  /s/ Michael R. Goodstein
Beth L. Weisser
2000 Market Street, 20th Floor
Fox Rothschild LLP
Philadelphia, PA 19103-3222
Telephone:  215-299-2892
Facsimile:  215-299-2150
Email:  bweisser@foxrothschild.com

Michael R. Goodstein
David A. Muller
Bailey Cavalieri LLC
10 W. Broad Street, Suite 2100
Columbus, OH 53215
Telephone:  614-221-3155
Facsimile:  614-221-0479
Email:  mgoodstein@baileycav.com
Email:  dmuller@baileycav.com

*Counsel for Defendant*
*Continental Casualty Company*

  /s/ Janet R. Davis
Kristie M. Abel (PA ID#311481)
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone:  215-665-2715
Facsimile:  215-701-2337
Email:  kabel@cozen.com

Janet R. Davis
Gary L. Gassman
Cozen O'Conner
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone:  312-474-7947
Facsimile:  312-706-9729
Email:  jrdavis@cozen.com

*Counsel for Defendant*
*Federal Insurance Company*

*Exhibit 3*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARDNER DENVER, INC.,

    Plaintiff,

    v.

ARCH INSURANCE COMPANY;
CONTINENTAL CASUALTY
COMPANY; AND FEDERAL
INSURANCE COMPANY,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 16-CV-00159-JHS

*JHS*

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

This matter has come before the Court upon the stipulation of the Parties.[1]  The Parties

anticipate discovery and use of certain documents and other information by the Parties and third

parties that will be the proper subject of a protective order under Federal Rule of Civil Procedure

("FRCP") 26(c).  Each of the Parties thus seeks such protection for such documents and

information ("Confidential Material").

The Parties anticipate that Confidential Material will include documents and information

that is not available to the public and that is confidential and proprietary; this material likely will

include, among other things, confidential financial information of the Parties; confidential

information regarding the Parties' practices and methodology in operating their respective

businesses; confidential information regarding customers and employees of the Parties both in

general and as it relates to this matter; and confidential information regarding the Defendants'

underwriting of and decision to issue, and GDI's evaluation of and decision to purchase, various

---

[1] The parties are Gardner Denver, Inc. ("GDI"); Arch Insurance Company ("Arch"); Continental Casualty Company ("CNA"); and Federal Insurance Company ("Federal") (collectively, the "Parties").

directors and officers ("D&O") insurance policies, providing tens of millions of dollars in coverage.  The Parties believe that the disclosure of this information could be of substantial value to competitors, and could place them at a competitive disadvantage.

The Court finds that good cause exists to keep the Confidential Material herein confidential in order to preserve protection for the confidential financial, insurance, employee, and other information of the Parties, and for other good cause shown, within the meaning of *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court thus enters this Stipulated Protective Order ("Order"). This Order governs both disclosures by the Parties to this action and disclosures by third parties that the Parties believe deserve protection under this Order.  The entry of this Order does not prejudice the rights of any Party to object to any discovery requests on other grounds, and does not prejudice the rights of any third party respondent who may (at its election) avail itself of the protections and procedures provided by this Order or move for any other form of protection which it deems fit.  As stated further below, the court reserves its inherent power to modify the terms of this agreement and permit the disclosure of Confidential Material where the interest of justice so requires.

**IT IS HEREBY ORDERED:**

1.    This Order provides for the protection of Confidential Material, including (a) documents produced in response to requests for the production of documents or subpoenas, or documents otherwise produced by a third party; (b) responses to requests for admissions; (c) responses to interrogatories; (d) transcripts of depositions and trial testimony, including exhibits thereto; (e) excerpts or summaries of any of (a)–(d) above and all copies thereof; (f) briefs and other filings that attach, describe, or otherwise reference Confidential Material; and

2

(g) documents produced in accordance with orders of the Court or agreements among the Parties that are properly identified as confidential pursuant to Paragraph 3 of this Order.

2.      Confidential Material produced or provided by any Party or non-party in the course of this proceeding shall be used or disclosed only in accordance with the provisions of this Order.

3.      Designation of information or documents as Confidential Material shall constitute a certification by the Designating Party that the Party has a reasonable, good-faith belief that the Confidential Material is entitled to confidential treatment under FRCP Rule 26(c); provided, however, that nothing in this paragraph shall constitute a finding or admission that any discovery materials are or are not entitled to confidential treatment under FRCP 26(c).  The Parties may designate information as Confidential Material as follows:

a.      Documents produced by a Party or by a third party that any Party— whether or not the producing party (the "Designating Party")—believes to be or contain Confidential Material shall be so designated by being stamped or marked CONFIDENTIAL (hereinafter referred to as the "CONFIDENTIAL Designation").

b.      Portions of deposition transcripts or deposition exhibits containing Confidential Material may be designated as CONFIDENTIAL either on the record at the deposition or within ten (10) days following receipt of the official transcripts of the deposition, by providing written notice to the reporter and all counsel of record of the specific pages and lines and/or exhibits that contain Confidential Material, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript, and/or exhibits in their possession (or under their control) as CONFIDENTIAL.

c.      If all or part of a videotaped deposition is designated as CONFIDENTIAL, both the transcript and the video cassette or other videotape container shall be labeled as CONFIDENTIAL within the same time periods as set forth above.

4.      Except upon the prior written consent of the Designating Party, Parties or third parties to whom Confidential Material is disclosed shall not disclose Confidential Material except as expressly authorized in this Order, including without limitation as authorized in Paragraph 5 below.

5.      Except with the prior written consent of the Designating Party, Confidential Material may not be disclosed to any person other than the following (who, except for those persons listed in subparts (a), (e), and (i), shall agree to and be subject to the terms of this Order through their signature on the Acknowledgement of Protective Order, attached as Addendum A):

a.      The Parties, their officers, employees with responsibilities related to this action, counsel, and their counsel's legal associates, paralegals, office staff, and vendors;

b.      Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter;

c.      Deponents and witnesses, but only during or in discussion of possible examination of such persons, and in connection with preparation therefor;

d.      The Defendants' reinsurers for the policies at issue, in those reinsurers capacity as such;

e.      The Defendants' regulators and auditors;

f.      Any court reporter or other person authorized or retained to administer oaths and record or transcribe testimony in this action;

4

      g.     Persons who are shown on the face of the Confidential Material to have been the author, addressee, or recipient of that material;

      h.     Any other person ordered by the Court or agreed to in writing by the Parties; and

      i.     The Court and any persons employed by or with the Court whose functions require access to said Confidential Material.

6.     Any Party may request permission to disclose Confidential Material to a person other than those permitted by Paragraph 5 by serving a written request upon counsel for the Designating Party, setting forth the information or materials the Party wishes to disclose, the person to whom the Party wishes to disclose the information or materials, and the reason for the proposed disclosure. If consent is withheld, or the Designating Party does not respond to the request within five (5) days of receiving notice of same, the Party seeking to make disclosure may submit the matter to the Court for resolution. The designated materials shall not be disclosed until the Court resolves the matter.

7.     A Party objecting to a CONFIDENTIAL Designation shall attempt to resolve the disagreement informally with the Designating Party by notifying the Designating Party of its position within fourteen (14) days of the designation. Within seven (7) days of such objection, the Designating Party shall either withdraw its claim of confidentiality or meet and confer (by phone or in person) with the Party who made the objection to the CONFIDENTIAL Designation. If no resolution can be reached within five (5) days of the meet and confer between the Parties, the objecting Party may apply to the Court, within another five (5) days, for a ruling on the confidentiality of the designated material. The Party asserting the CONFIDENTIAL Designation shall have the burden of justifying that designation under FRCP 26(c). Until the

Court rules otherwise, the challenged Confidential Material shall be treated as Confidential Material in accordance with its designation.

8.      The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or other protection from disclosure, including but not limited to the attorney-client privilege or the attorney work-product doctrine, and no Party shall be held to have waived any rights by such inadvertent production.  Upon written notice of an unintentional production by the producing Party, or oral notice if notice must be delivered at a deposition, the receiving Party may not use or disclose the information until the privilege claim has been resolved.  If the receiving Party wants to challenge the claim of protection, it must confer in good faith with the producing Party as follows.  The receiving Party shall give written notice to the producing Party, within five (5) days of receipt of the producing Party's notice of unintentional production, identifying the reasons for the challenge.  No later than five (5) days after the producing Party receives the notice of challenge, the producing Party shall respond in writing and provide a good-faith explanation of the basis for the designation.  If the Parties cannot resolve the dispute within five (5) days after the producing Party serves the response to the challenge, the receiving Party may move the Court for an appropriate order.  The Parties shall sequester (or refrain from using) the disputed material until they resolve the dispute or the Court resolves the dispute.  To the extent that the information contained in a document subject to a claim of privilege or evidentiary protection has already been used or described in other documents generated or maintained by the receiving Party, the receiving Party shall sequester such documents until the privilege/protection claim has been resolved.  If the receiving Party has disclosed the specified information before being notified of its inadvertent production, it must

6

take reasonable steps to retrieve the information until the claim of privilege or other protection is resolved.

9.      Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. Any Party who files briefs, other pleadings, affidavits, certifications, and other documents attaching, constituting, containing, referring to, summarizing, or quoting Confidential Material, designated as such by any other Party, shall file the documents either in redacted form or entirely under seal (with an unredacted copy provided to chambers) in compliance with Local Rule of Civil Procedure 5.1.5 and Provision F of the Documents Section of the United States District Court for the Eastern District of Pennsylvania Clerk's Office Procedural Handbook ("Clerk's Handbook"). Accordingly, among other things, if any document attaching, constituting, containing, referring to, summarizing, or quoting Confidential Material is to be filed or otherwise placed in the public record in this action, the Confidential Material shall be filed in paper format in a sealed envelope or container marked with the case caption and a notice substantially as follows:

NOTICE - FILED UNDER SEAL

> This envelope or container holds information designated as Confidential by [name of Designating Party] filed under seal pursuant to a protective order. This envelope or container may not be opened, and the contents hereof may not be displayed or revealed, except by direction of the Court or by written consent of [name of Designating Party].

10.      Any Party who files briefs, other pleadings, affidavits, certifications, and other publicly filed documents attaching, constituting, containing, referring to, summarizing, or quoting documents or information that the filing Party itself has designated as Confidential Material, may file the Confidential Material either in redacted form or entirely under seal (with an unredacted copy provided to chambers) in compliance with Local Civil Rule 5.1.5 and the

7

Clerk's Handbook. If a Party chooses to file such Confidential Material in the public record, then that Party waives the CONFIDENTIAL Designation and corresponding confidential treatment of such documents and information. A Party who files documents containing Confidential Material designated as such by any other Party must follow the protocol described in Paragraph 9.

11.     With respect to testimony elicited during hearings, trial, and other live court proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of Confidential Material, counsel may request on the record, before such disclosure, that the disclosure be subject to the following confidentiality restrictions. Specifically, whenever Confidential Material is to be discussed in a hearing, trial, or other live court proceeding, any Party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated. Notwithstanding the foregoing, however, Confidential Material, including documents or testimony introduced into evidence at trial, shall not be sealed or otherwise excluded from the public record of the live court proceeding except pursuant to a further order of the Court at the request of either Party during the hearing, trial, or other live court proceeding.

12.     Nothing in the foregoing provisions of this Order shall:

    a.     Prevent any Party from introducing Confidential Material into evidence, subject to the Designating Party's right to seek further protection from the Court;

    b.     Preclude a Party from seeking additional protection of Confidential Material beyond this Order as that Party may deem appropriate; or

8

        c.       Prevent a Party from objecting to discovery that it believes to be improper, including objections based upon the confidential or propriety nature of the Confidential Material requested.

        13.     This Order has no effect on, and shall not apply to, any Party's intentional use or disclosure of documents or other information that it designated as Confidential Material.  If a Party intentionally discloses material that it designated as Confidential Material by filing it other than under seal with the Court, the Confidential Material is no longer designated as CONFIDENTIAL and is no longer subject to the protections afforded to Confidential Material pursuant to this Order.  A Party's inadvertent filing of Confidential Material other than under seal, however, shall be without prejudice to any claim that such material is Confidential Material and should be filed under seal, and the Party who inadvertently failed to file such Confidential Material under seal shall not be deemed to have waived its right to seek the sealing of such Confidential Material; provided, however, that the Party who inadvertently filed the Confidential Material must correct that filing within five (5) days of the filing.

        14.     Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

        15.     A Designating Party's designation of materials as Confidential Material shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

        16.     This Order shall not apply to any Confidential Material that:  (a) becomes available to a Party, person, deponent, or other witness through lawful means other than in connection with this litigation; or (b) is determined by the Court to be exempted from the restrictions of this Order.

17.     Final termination of this action, including exhaustion of appellate remedies, shall

not terminate the limitations on use and disclosure imposed by this Order.  If requested by the

Designating Party, after such final termination of this action, all Confidential Material designated

by that Party and all copies thereof, including such materials in the hands of outside experts or

consultants, shall be delivered to counsel of record for that Designating Party that asserted the

CONFIDENTIAL Designation as to such materials; such delivery shall occur within

fifteen (15) days after such request.  Notwithstanding anything in this paragraph to the contrary,

attorneys of record in this action may keep one copy of any Confidential Material in his/her file

subject to the continuing limitations on use and disclosure imposed by this Order.

Notwithstanding anything in this paragraph to the contrary, Confidential Material that is

incorporated in materials prepared by or for a Party's representative, including such Party's

attorney, expert, or consultant, may be collected and maintained by such Party's counsel in

accordance with the continuing limitations on use and disclosure imposed by this Order.

Notwithstanding anything in this paragraph to the contrary, no Party shall be required to turn

over to any other Party its attorney work product, attorney-client communication, and/or trial

strategy materials.

18.     This Order shall not act as a shield for any person or entity to refuse to disclose

any information that it is, by law or rule, obligated to disclose.

19.     The requirements of this Order shall apply to any materials produced in this

action before and after the date that this Order is entered.

20.     This Order may be modified or amended by agreement of all the Parties, subject

to approval by the Court based on good cause shown, or by order of the Court in the interest of

justice.

21.    The Court reserves its inherent power to modify the terms of this agreement and

permit the disclosure of Confidential Material where the interest of justice so requires.

Entered this _17th_ day of _april_ , 2017

_Joel Slomsky_
_____
Joel H. Slomsky
District Judge

/s/ Barry I. Buchman
_____
Richard L. Scheff, Esq. (PA ID #35213)
Richard G. Placey, Esq. (PA ID #37713)
Steven Pachman, Esq. (PA ID #78001)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Telephone:  215-772-1500
Facsimile:  215-772-7620
Email:  rscheff@mmwr.com
Email:  rplacey@mmwr.com
Email:  spachman@mmwr.com

Barry I. Buchman, Esq. (admitted _pro hac vice_)
Jason S. Rubinstein, Esq. (admitted _pro hac vice_)
Tamra B. Ferguson, Esq. (admitted _pro hac vice_)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  202-772-2200
Facsimile:  202-772-2307
Email:  buchmanb@gotofirm.com
Email:  rubinsteinj@gotofirm.com
Email:  fergusont@gotofirm.com

_Counsel for Plaintiff Gardner Denver, Inc._

/s/ David J. Creagan
_____
David J. Creagan (PA ID #70904)
Justin K. Fortescue (PA ID #203999)
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Telephone:  215-864-7032/6823
Email:  creagand@whiteandwilliams.com
Email:
fortescuej@whiteandwilliams.com

_Counsel for Defendant_
_Arch Insurance Company_

11

  /s/ Michael R. Goodstein
Beth L. Weisser
2000 Market Street, 20th Floor
Fox Rothschild LLP
Philadelphia, PA 19103-3222
Telephone: 215-299-2892
Facsimile: 215-299-2150
Email: bweisser@foxrothschild.com

Michael R. Goodstein
David A. Muller
Bailey Cavalieri LLC
10 W. Broad Street, Suite 2100
Columbus, OH 53215
Telephone: 614-221-3155
Facsimile: 614-221-0479
Email: mgoodstein@baileycav.com
Email: dmuller@baileycav.com

*Counsel for Defendant*
*Continental Casualty Company*

  /s/ Janet R. Davis
Kristie M. Abel (PA ID#311481)
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2715
Facsimile: 215-701-2337
Email: kabel@cozen.com

Janet R. Davis
Gary L. Gassman
Cozen O'Conner
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-474-7947
Facsimile: 312-706-9729
Email: jrdavis@cozen.com

*Counsel for Defendant*
*Federal Insurance Company*

12

**ADDENDUM A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARDNER DENVER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-CV-00159-JHS |
| | ) | |
| ARCH INSURANCE COMPANY; | ) | |
| CONTINENTAL CASUALTY | ) | |
| COMPANY; AND FEDERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I hereby certify (i) my understanding that documents and other information designated as "Confidential Material" are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the United States District Court for the Eastern District of Pennsylvania (the "Court") on _____, 2017, and any amendments thereto, in the above-captioned matter; and (ii) that I have read the Stipulated Protective Order, I understand the terms of the Stipulated Protective Order, I agree to be bound by the Stipulated Protective Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Stipulated Protective Order. I understand that a violation of the Stipulated Protective Order may be punishable by contempt of court.

Signature: _____

Name: _____

Address: _____

Date: _____

13

*Exhibit 4*

| | |
|---|---|
| **From:** | Scanlon, Michael <Michael.Scanlon@haynesboone.com> |
| **Sent:** | Monday, December 2, 2019 1:55 PM |
| **To:** | jrdavis@cozen.com; Creagan, David; Fortescue, Justin; mgoodstein@baileycav.com |
| **Cc:** | Buchman, Barry; Erickson, Mark; Van Houten, Greg; rplacey@mmwr.com |
| **Subject:** | Gardner Denver, Inc. v. Arch Insurance Co. et al., Case No.  2:16-cv-00159-JHS (E.D. Pa.) |

<span style="color:red">CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.</span>

Janet, David, Justin, and Michael,

As you know we represent Lions Gate, Starz Acquisition, and Starz Entertainment in *Starz Acquisition, LLC et al. v. Allied World Assurance Company (U.S.) Inc. et al*., Case No. 18STCV04283, before the Los Angeles County Superior Court.  The time has come for us to start using documents from *Gardner Denver* in the California coverage case, and one insurer-defendant (who is represented by Cozen O'Conner) served a document request on Lions Gate for "ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party, and other documents not in the public record RELATING TO Gardner Denver, Inc. v. Arch Insurance Company, et al., Civil Action No. 16-0159" to which we have agreed to respond.  Furthermore, it is our view that a document which was designated confidential under the *Gardner Denver* protective order when produced lost that confidential designation if it was used in a deposition that was not designated confidential under that protective order, so we do not have to file any such document under seal in the California coverage case.

Thank you.


Sincerely,

Mike Scanlon


**haynes**boone
**Michael Scanlon**
Associate
michael.scanlon@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) 202.654.4570
(f) 202.654.4249

<span style="color:red">vCard | Bio | Website</span>

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# *Exhibit 5*

| | |
|---|---|
| **From:** | Creagan, David <Creagand@whiteandwilliams.com> |
| **Sent:** | Monday, December 2, 2019 4:20 PM |
| **To:** | Scanlon, Michael; jrdavis@cozen.com; Fortescue, Justin; mgoodstein@baileycav.com |
| **Cc:** | Buchman, Barry; Erickson, Mark; Van Houten, Greg; rplacey@mmwr.com |
| **Subject:** | RE: Gardner Denver, Inc. v. Arch Insurance Co. et al., Case No.  2:16-cv-00159-JHS (E.D. Pa.) [WW-PHLDMS1.FID3407174] |
| **Attachments:** | #18828094v1_PHLDMS1_ - Docket #43 - Stipulated Protective Order (approved by Judge Slomsky) 04-17-17.pdf |

Michael,

Thanks for your email.  Please see paragraph 17 of the attached protective order entered in the *GDI v. Arch* case.  Those obligations still apply.

We do not agree with your reading of the protective order.  The fact that a deposition transcript was not designated confidential does not mean that any documents used in that deposition are no longer confidential.  Only those portions of a confidential document that were actually used -- verbatim or nearly so -- in a deposition not designated confidential would lose confidentiality.

Is there a protective order in place in the *Starz* case that would preserve the confidentiality of documents produced in the *GDI* case?

Regards,
David



**David J. Creagan**
**Partner**
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7032 | Fax 215.399.9610
creagand@whiteandwilliams.com | whiteandwilliams.com

**Confidentiality Notice:** This e-mail message and any documents accompanying this e-mail transmission contain information from the law firm of White and Williams LLP which is privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this e-mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

**From:** Scanlon, Michael <Michael.Scanlon@haynesboone.com>
**Sent:** Monday, December 2, 2019 1:55 PM
**To:** jrdavis@cozen.com; Creagan, David <Creagand@whiteandwilliams.com>; Fortescue, Justin <Fortescuej@whiteandwilliams.com>; mgoodstein@baileycav.com
**Cc:** Buchman, Barry <Barry.Buchman@haynesboone.com>; Erickson, Mark <Mark.Erickson@haynesboone.com>; Van Houten, Greg <Greg.VanHouten@haynesboone.com>; rplacey@mmwr.com
**Subject:** Gardner Denver, Inc. v. Arch Insurance Co. et al., Case No. 2:16-cv-00159-JHS (E.D. Pa.)

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Janet, David, Justin, and Michael,

As you know we represent Lions Gate, Starz Acquisition, and Starz Entertainment in *Starz Acquisition, LLC et al. v. Allied World Assurance Company (U.S.) Inc. et al.*, Case No. 18STCV04283, before the Los Angeles County Superior Court.  The time has come for us to start using documents from *Gardner Denver* in the California coverage case, and one insurer-defendant (who is represented by Cozen O'Conner) served a document request on Lions Gate for "ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party, and other documents not in the public record RELATING TO Gardner Denver, Inc. v. Arch Insurance Company, et al., Civil Action No. 16-0159" to which we have agreed to respond.  Furthermore, it is our view that a document which was designated confidential under the *Gardner Denver* protective order when produced lost that confidential designation if it was used in a deposition that was not designated confidential under that protective order, so we do not have to file any such document under seal in the California coverage case.

Thank you.


Sincerely,

Mike Scanlon


haynes*boone*
**Michael Scanlon**
Associate
michael.scanlon@haynesboone.com

**Haynes and Boone, LLP**
800 17th Street, NW
Suite 500
Washington, DC 20006-3962

(t) 202.654.4570
(f) 202.654.4249

vCard | Bio | Website


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

*Exhibit 6*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GARDNER DENVER, INC.,<br><br>                   Plaintiff,<br><br>    v.<br><br>ARCH INSURANCE COMPANY,<br>CONTINENTAL CASUALTY COMPANY AND<br>FEDERAL INSURANCE COMPANY,<br><br>                   Defendants. | CIVIL ACTION<br><br>NO.  16-CV-00159-JHS |

## <u>DECLARATION OF DAVID J. CREAGAN</u>

I, DAVID J. CREAGAN, ESQUIRE, declare as follows:

1.       I am a member of the bar of the Commonwealth of Pennsylvania and I am admitted to practice in this Court.

2.       I am a partner with the law firm of White and Williams LLP, attorneys for Arch Insurance Company ("Arch") in the captioned action.

3.       I have knowledge of the facts set forth herein.

4.       I submit this Declaration on behalf of Arch in support of Arch's Motion to Enforce Protective Order.

5.       On December 2, 2019, I received an email from Gardner Denver Inc.'s ("GDI") counsel (Michael Scanlon of Haynes and Boone LLP) advising that "[Haynes and Boone] currently represents Lions Gate, Starz Acquisition and Starz Entertainment[1] in *Starz Acquisitions, LLC et al. v. Allied World Assurance Company U.S.[]*" *("Starz"),* currently

---

[1] Collectively referred to herein as the "Starz Plaintiffs."

pending in the Superior Court of California, and "the time has come for us to start using

documents from the *Gardner Denver* coverage case." (*See* Ex. 4.)[2]

6.  Mr. Scanlon stated in his email that "one-insurer-defendant" served a document

request on the Starz Plaintiffs for "ALL propounded discovery, discovery responses, deposition

transcripts, reports, documents produced by any party and other documents not in the public

record RELATING to [the GDI Litigation]" and that "[Haynes Boone, LLP] ha[d] agreed to

respond." (*Id.*)[3]

---

[2] All references to Exhibits refer to the Exhibits to Arch's Memorandum of Law in Support of Arch's Motion to Enforce Protective Order.

[3] On November 9, 2020, Mr. Scanlon sent an email with the text of the referenced document request and of the Starz Plaintiffs' responses:

**REQUEST FOR PRODUCTION NO. 50:**
ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party, and other documents not in the public record RELATING TO Gardner Denver, Inc. v. Arch Insurance Company, et al., Civil Action No. 16-0159.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
Responding Party objects to this Request to the extent it seeks documents subject to the common-interest doctrine, the attorney-client privilege, the work-product doctrine, and the mediation privilege codified at California Evidence Code sections 1119 and 1121, et seq.; no such DOCUMENT will be produced. Responding Party objects that the demand for "ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party, and other documents not in the public record RELATING TO" is overly broad and will impose an undue burden; Responding Party will not respond until a suitable ESI Protocol is in place. Responding Party objects to this Request to the extent it seeks confidential information or communications; Responding Party will not produce such information or communications until a suitable Protective Order is in place. Responding Party will comply with this Request only to the extent that it can do so without violating the protective order issued in Gardner Denver, Inc. v. Arch Insurance Company, et al., Civil Action No. 16-0159.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
Responding Party objects that the demand for "ALL propounded discovery, discovery responses, deposition transcripts, reports, documents produced by any party, and other documents not in the public record RELATING TO" is overly broad and will impose an undue burden, and also may encompass documents subject to the attorney-client privilege, the attorney work-product doctrine, and/or other protections, including applicable mediation privileges. Responding Party also objects to this Request to the extent it seeks documents that cannot be produced due to the protective order issued in

7.     Mr. Scanlon also asserted (without support) that "it is [Haynes Boone's] view that a document which was designated confidential under the Gardner Denver protective order when produced lost that confidential designation if it was used in a deposition that was not designated confidential under that protective order, so we do not have to file any such document under seal in the California coverage case." (*Id.*)

8.     Later that same day, I responded by attaching a copy of the Protective Order entered by this Court and reminding Mr. Scanlon that the obligations of the Protective Order "still apply." (*See* Ex. 5.)

9.     I also advised that Arch "do[es] not agree with [his] reading of the protective order." (*Id.*)

10.    Following this exchange of emails, I had a number of telephonic meet and confers with Barry Buchman and Michael Scanlon, attorneys for GDI in this case and the Starz Plaintiffs in the *Starz* case (including a telephone call as recent as November 13, 2020). We discussed the

---

Gardner Denver, Inc. v. Arch Insurance Company, et al., Civil Action No. 16-0159 ("GDI Case Protective Order"); Responding Party will produce responsive, non-privileged documents in compliance with the GDI Case Protective Order. In that regard, Responding Party notes that Freedom is uniquely positioned to assist Responding Party obtaining any necessary consents to production of otherwise-protected documents, under the GDI Case Protective Order, from at least one of the insurer-defendants in the Gardner Denver case; specifically, counsel for Freedom in this case also represented Federal Insurance Company ("Federal") in Gardner Denver and, thus, presumably can assist in obtaining Federal's consent to production, in this case, of materials that Federal produced in Gardner Denver subject to the GDI Case Protective Order.

Subject to and without waiving these objections and the aforementioned General Objections and Qualifications incorporated herein, and subject to first obtaining either an agreement upon, or entry of a Court Order regarding, both a Protective Order and an ESI Protocol, including the sources from which documents are to be collected, Responding Party responds as follows:

Responding Party will produce on a rolling basis any responsive, non-privileged documents within the reasonable scope of this Request that are within its possession, custody, or control.

continuing application of the Protective Order entered by this Court, and I explained how Haynes Boone's production or use in the *Starz* litigation of documents that Arch had designated Confidential in the *Gardner Denver* case would violate the Protective Order.

11.    During these phone calls, Mr. Buchman repeated that the Starz Plaintiffs had been served with document requests by one of the defendant insurance carriers in the *Starz* case for "all documents" related to the *GDI* litigation (including documents designated Confidential by the parties).

12.    Mr. Buchman indicated that he wished to produce the Confidential documents from the *GDI* case in the *Starz* litigation and would, if Arch would not consent, seek relief from this Court's Protective Order with the Court in California.

13.    The stated bases on which Mr. Buchman rested his purported entitlement to use the Confidential Arch documents from the *GDI* litigation in the *Starz* case were: (1) he wished to rely on them to support his arguments against the insurer defendants in *Starz*; and (2) the insurers in the California action served a document request on the Starz Plaintiffs with which he is obliged to comply.

14.    In response, I again reminded Haynes Boone that the Protective Order in the *GDI* case prohibits the production of Confidential material to third parties like the insurance carriers in the *Starz* case, all of which are Arch's competitors.

15.    I noted that some of the documents Arch designated as Confidential contain the confidential business information of its insured GDI, and that before Arch could consent to the production of any of those Confidential documents, it would need written confirmation from GDI that it also consented.

23900828v.1

16.     I questioned how documents produced by Arch in the *GDI* case could be "in the possession or control" of the Starz Plaintiffs and noted that, if the Starz Plaintiffs were "in possession or control" of Arch's Confidential documents, Haynes Boone would have already violated the Protective Order.

17.     Haynes Boone responded that documents from the *GDI* case (including the confidential Arch documents) were in the possession or under the control of the *Starz* Plaintiffs, because those documents were in their attorneys' (Haynes Boone) files.

18.     I verify that the statements made herein are true and correct to the best of my knowledge, information, and belief.  I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.


Dated:  November 13, 2020          */s/ David J. Creagan*
                                   David J. Creagan

23900828v.1